THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of VINCENT L. BUTLER, Complainant, *v.* S. & E. MOTOR HIRE CORPORATION, Defendant.

City Magistrates' Court of New York, Borough of Manhattan, Fifth District, October 24, 1940.

*Vincent D. Callenda,* for the People.

*Engelhard, Pitcher & Amann,* for the defendant.

AURELIO, C. M. The conceded facts establish that the defendant is engaged in the business of leasing motor trucks to business houses in the city of New York, to be used for the express purpose of delivering and collecting the lessee's merchandise only. In this case the lessee is Russeks Department Store.

The trucks so leased are not licensed under the provisions of article 15 of title B of chapter 32 of the Administrative Code of the City of New York (§§ B32–92.0 to B32–96.0), which article is entitled " Public Carts and Cartmen." The specific charge is a

violation of section B32–93.0 of said article. Subdivision a of section B32–92.0 reads as follows: " Whenever used in this article the term ' public cart ' shall mean and include every vehicle, either horse-drawn or motor-driven, which is kept for hire or used to carry merchandise, household or office furniture or other bulky articles within the city, for pay."

Said article 15 of the Administrative Code of the City of New York is a re-enactment of the provisions of the Code of Ordinances. The section in question, then contained in the Code of Ordinances, was construed by the Court of Appeals in *People* v. *Horton Motor Lines* (281 N. Y. 196), wherein the court said: " The ordinance applies to a common carrier who engages in the general business of carrying goods generally for all who desire his services " (p. 201).

The lease in this case is for a stated period, for a certain specified sum for each truck, and contains many conditions with respect to use, control and operation of the trucks.

The chauffeurs for the trucks, however, are furnished by another corporation under a written contract. It is conceded that this corporation, Chauffeurs' Service Corporation, is owned and controlled by the defendant.

This agreement, among other things, provides that the lessee shall pay the said corporation the amount of the wages earned by each chauffeur each week. Thus it seems the chauffeurs are in the employ of the service corporation.

The city contends that the words of the section (B32–92.0), " which is kept for hire " and " or used to carry merchandise," are separate and distinct provisions so that the section may be violated in two different ways, that is (1) by keeping the trucks for hire, and (2) by actually doing a public cartman's business.

This undoubtedly is true provided the truck is actually put to the use of a public cart by some one, that is, either the lessee or the lessor must " engage in the general business of carrying goods generally for all who desire his services." In the case at bar the trucks are not used by the lessee as public carts; they are used exclusively in connection with the lessee's business in delivering and picking up its own merchandise. It follows then, that, judged by the use to which the lessee has put the trucks, there is no violation on the part of the lessee under either provision of the section, and no violation on the part of the lessor under the " keeps for hire " part of the section. On the facts, there remains one other possible method of violating the section and that is on the part of the defendant (lessor) under the " used to carry merchandise " part of the section.

Without giving in detail the contents of each contract, suffice it to say that the defendant has full control over the trucks at all times, except for the right of the lessee to designate where and when to pick up and deliver its merchandise. (See *People* v. *Heckman Trucking Co.*, 277 N. Y. 480, wherein the court stressed the point of possession and control of the truck as a reason for holding that the defendant in that case was not a public cartman.)

I am satisfied that the defendant is doing the trucking for the lessee. It is conceded that any other business house in the city desiring the same service may have it. Therefore, it cannot be said that the defendant is dealing with just one concern and not with the public generally. These facts distinguish the case at bar from *People* v. *Bridge Auto Renting Corp.* (272 N. Y. 637); *People* v. *Heckman Trucking Co., Inc.* (277 id. 480) and *People* v. *Horton Motor Lines* (*supra*), strongly relied upon by the defendant.

The defendant is found guilty.