# The State *v.* Hartford Fire Insurance Co.

*Action against Foreign Corporation for Statutory License Fee.*

1. *License tax on foreign corporations, under statutory and constitutional provisions.*—The statute approved February 18th, 1893, entitled "An act to require all corporations to pay a fee or license for the use of the State before commencing business in the State" (Sess. Acts 1892-3, p. 690), does not apply to or include a foreign insurance company, which was lawfully engaged in doing business here on that day, having fully complied with all the constitutional and statutory provisions then in force regulating the right of foreign corporations to do business in this State. To make the statute apply to such corporations, would extend its provisions beyond the scope and purview of its title.

[The State v. Hartford Fire Insurance Co.]

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

WM. L. MARTIN, Attorney-General, for the appellant.—A
corporation has its domicile in the State or country of its
birth, and is said to be without capacity to emigrate. It
can exercise its corporate functions in other States, only so
far as it may be permitted by the comity of the local sov-
ereign. It is not a citizen within the meaning of that clause
in the Federal Constitution which declares that citizens of
each State shall be entitled to all the privileges and immu-
nities of citizens of the several States. The State may pre-
scribe the terms on which foreign corporations may do busi-
ness within its limits, or exclude them altogether, and it
may discriminate against them in favor of corporations of
its own creation. In support of these propositions, see
*Horn Silver Mining Co. v. New York,* 143 U. S. 305; *Paul v.
Virginia,* 8 Wall. (U. S.) 168; *Ducat v. Chicago,* 10 Wall. 410;
*Liverpool Ins. Co. v. Massachusetts,* 10 Wall. 566; *Pembina
Mining Co. v. Pennsylvania,* 125 U. S. 181; *Philadelphia Fire
Asso. v. New York,* 119 U. S. 110; *Doyle v. Continental Insur-
ance Co.,* 94 U. S. 535; *Bank of Augusta v. Earle,* 13 Peters,
519; Taylor on Private Corporations, § 400; Morawetz on
Private Corporations, §§ 970-71; 4 Amer. & Eng. Encyc.
Law, 206; 33 Amer. & Eng. Corp. Cases, 1-67. Being a
foreign corporation, the defendant is unquestionably within
the terms of the statute, and its compliance with the pro-
visions of other laws does not relieve it from the payment
of the license. This is expressly declared by the 6th sec-
tion of the statute. Those provisions, requiring the desig-
nation of an agent and a known place of business in this
State, are intended for the protection of our own citizens in
their transactions with foreign corporations, by securing to
them the right to sue in our own courts.—*Nelms v. Ed.
Amer. Mortgage Co.,* 92 Ala. 157; *Farrior v. N. E. Mortgage
Security Co.,* 88 Ala. 275. Compliance with those provisions
does not confer the absolute right to do business here, nor
imply that other provisions may not be imposed. The
power of the State to revoke such license is well established.
*Powell v. State,* 69 Ala. 10; *Doyle v. Continental Insurance
Co.,* 94 U. S. 535, 540; *Rowland v. State,* 12 Texas Ap. 418.

TOMPKINS & TROY, *contra.*—To extend the provisions of the
act of February 18, 1893, to foreign corporations which were
doing business in this State at the time of its passage, and
had complied with all the requirements of laws then exist-

[The State v. Hartford Fire Insurance Co.]

ing, would carry it beyond the scope of its title, and would, to that extent, render it unconstitutional.—Sutherland on Statutory Construction, §§ 210–11; *United States v. Palmer,* 3 Wheat. 610–31; *People v. Abbott,* 16 Cal. 359; *Bishop v. Barton,* 2 Hun. N. Y., 436; *People v. Wood,* 71 N. Y. 371; *People v. Davenport,* 91 N. Y. 574; *People v. Molineux,* 53 Barb. 9; 7 Nevada, 19; *State v. Young,* 47 Ind. 150; *Rushing v. Sebree,* 12 Bush, 198; *Miller v. Jones,* 80 Ala. 89; *Morgan v. State,* 81 Ala. 72; Cooley's Const. Limitations, 177.

STONE, C. J.—This is a suit by the State against a foreign insurance company, and is sought to be maintained under the act approved February 18, 1893.—Sess. Acts, 690–1. The sole question presented for our consideration is the judgment of the City Court, overruling plaintiff's demurrer to defendant's plea in bar. The suit was commenced in May, 1893, and it is averred in the complaint that the defendant, a corporation created by the laws of Connecticut, with a capital stock of $1,250,000, and "authorized by its charter to engage in the business of issuing policies of fire insurance, did engage in its said corporate business, and did issue policies of fire insurance within the State of Alabama, after the eighteenth day of February, 1893, and has continued to engage, and is now engaged in said business within said State, without having first paid into the treasury of said State, for the use of the State, a fee or license of two hundred and fifty dollars, as required by law." This complaint corresponds with section 4 of the act approved February 18, 1893, if we consider that section without reference to other parts of the statute.

The defense pleaded may be thus stated: That before the enactment of that statute, the defendant, having been previously incorporated and organized under the laws of Connecticut, did comply with all the provisions of section 1200 of the Code of 1886—(they are set out in detail in the plea)—did pay the license fee, $100, into the treasury of Alabama, and obtained a license from the State Auditor, authorizing it to conduct and transact the business of life insurance in this State until January 15, 1894; and that thereupon, and before February 18, 1893, to-wit, January 1, 1893, "this defendant commenced doing business in the State of Alabama, and was and continuously did business in the State of Alabama up to the said 18th day of February, 1893; and was on said 18th day of February, 1893, doing business in the State of Alabama, and had been for many years prior to said 18th day of February, 1893, carry-

ing on its business in said State of Alabama, and did not commence carrying on such business after said date."

The precise point of the plea and defense is, that the statute of February 18, 1893, has reference alone and exclusively to corporations which should thereafter *commence* doing business in the State of Alabama, and that it does not and can not apply to corporations which had commenced business before the statute was enacted, and were engaged in business at the time of the enactment. This defense is rested on the title of the act of February 18, 1893, which is in the following language : "An act to require all corporations to pay a fee or license for the use of the State before commencing business in this State."

The Constitution of Alabama, Art. IV, § 2, declares that "Each law shall contain but one subject, which shall be clearly expressed in its title," with certain exceptions not pertinent to this case. That section has been many times considered and very fully discussed by this court. Our uniform interpretation has been, that the clause is mandatory; and that if a statute embodies any matter, which is not germane to and embraced in the title, such clause must be pronounced unconstitutional. We deem it unnecessary to repeat the arguments. They are fully set forth in the following decisions, and in the many authorities therein referred to : *Ballentyne v. Wickersham*, 75 Ala. 533 ; *Lowndes County v. Hunter*, 49 Ala. 507 ; *Stein v. Leeper*, 78 Ala. 517 ; *Miller v. Jones*, 80 Ala. 89 ; *Ramagnano v. Crook*, 85 Ala. 226 ; *Ex parte Reynolds*, 87 Ala. 138 ; *Montgomery v. State*, 88 Ala. 141 ; *Ex parte Cowert*, 92 Ala. 94.

It will be observed that the title of this act uses the word "commencing," present participle of the verb to commence. The definition of the verb to commence is, "To cause to begin to be ; perform the first act of ; enter upon ; begin." Century Dic. "To begin ; to originate ; to do the first act in any thing ; to take the first step."—Webster Dic. Each of these definitions shows that the title of the statute we are considering is cleary inappropriate to a business already begun and in continuing operation. It must and does relate to a business thereafter to be entered upon.

The first three sections of the act of February 18, 1893, refer in terms to Alabama corporations to be organized after the enactment of the statute. They could not by any straining be made applicable to corporations then existing. These are clearly within both the letter and the spirit of the title of the act. The fourth section of the statute is in the following language : "No corporation created by the laws of

[Ex parte Pruitt & Harper.]

any other State, or any foreign country, shall hereafter carry on any business in this State without first having paid into the treasury of this State, for the use of the State, like fees as those required of corporations organized under the general incorporation laws of this State, by the first section of this act." The natural import of this language, considered by itself, is that it embraces foreign corporations then doing business in the State, and proposing to continue to do such business. This, however, would make this clause of the statute unconstitutional, because neither expressed nor embraced in the title of the act. It is our duty, in interpreting legislative enactments, to presume there was an intention to conform to the Constitution; and to so construe any doubtful word or clause as to make it constitutional, rather than to make it unconstitutional by a contrary interpretation. Thus construing section four of the act under consideration, we hold that the intention was to make it operative upon foreign corporations thereafter to commence business in Alabama, and not to such as were already doing business within the State. To thus construe it brings section four clearly within the purview of. the title of the act, while the construction contended for by appellant would make it unconstitutional.

The judgment of the City Court is Affirmed.