CITY OF SIOUX FALLS, Respondent, v. COLLINS, Appellant.

(178 N. W. 950.)

(File No. 4720.  Opinion filed August 25, 1920.)

**Municipal Corporations—Ordinance Licensing Vehicles "Kept for Hire"—Bakery Truck Operated for Self, Whether Within Ordinance—For "Hire or Reward," Construed.**

Under a city ordinance providing for the licensing of hacks, carriages, drays "and other vehicles kept for hire," and prohibiting all persons from hiring out or using for hire any vehicles of any description without license, and prohibiting city residents from using motor trucks for hire upon the streets, and that all drays, carts, wagons, motor trucks, baggage, and express vehicles, and all other vehicles for hire or reward, shall pay a license fee, held, that an auto or motor truck operated by the proprietors of a local bakery business for the purpose of delivering its products to customers, is not within the ordinance; since the ordinance does not authorize collection of license fee for operation of a motor truck, nor prescribe penalty therefor unless such truck is operated for hire or reward; that "for hire or reward" therein means to transport passengers or property of other persons than the owner or operator of the truck, for a reward or stipend, to be paid by such passenger or persons for whom such product is transported, to the person owning or operating the truck.

Whiting, J., not participating in the decision.

Appeal from the Municipal Court of the City of Sioux Falls. Hon. MARTIN BERGH, Judge.

The defendant Ben Collins, was convicted of operating a motor truck on the streets of Sioux Falls without having procured license therefor, and he appeals.  Reversed.

*Kirby, Kirby & Kirby,* for Appellant.

*R. W. Parliman, Sr.,* and *R. W. Parliman, Jr.,* for Respondent.

POLLEY, J.  Appeal from the municipal court of Sioux Falls.  Appellant was convicted of operating a motor truck on the streets of Sioux Falls without first having procured a license therefor, and appeals to this court.

Appellant is engaged in the bakery business in Sioux Falls and owns and uses an auto or motor truck for the purpose of delivering the products of his bakery to his customers.  He operates the truck himself, and uses it for no other purpose than to deliver his own products.

The complaint is drawn under Ordinance No. 269, as amended by Ordinance 856. The title to Ordinance 269 reads as follows:

"An ordinance regulating and licensing hacks, carriages, and other vehicles kept for hire."

The title to Ordinance 856 reads as follows:

"An ordinance amending * * * Ordinance No. 269, relating to the licensing of hacks, carriages, drays, and other vehicles for hire."

Section 1 of Ordinance 269 prohibits all persons from hiring out or using for hire any vehicle of any description without a license; and section 2 of Ordinance 269, as amended by Ordinance 856, prohibits residents of Sioux Falls from using motor trucks for hire upon the streets of Sioux Falls without a license. Section 14, Ordinance 269, reads as follows:

"For all drays, carts, wagons, motor trucks, baggage, and express vehicles, and all other vehicles for hire or reward, * * * shall pay a fixed license fee."

It is not necessary to a determination of this case to go into a consideration of the powers of municipalities to regulate traffic on their streets. The ordinances under which this action is prosecuted do not purport to authorize the collection of a license fee for the operation of a motor truck, nor prescribe a penalty for the operation of such truck unless such truck is operated for hire or reward. In this case appellant was operating his motor truck for the sole purpose of delivering the product of his bakery to his customers. He was not operating it for hire or reward. "For hire or reward," as used in these ordinances, means to transport passengers or the property of other persons than the owner or operator of such truck for a reward or stipend, to be paid by such passengers or the persons for whom such property is transported to the person owning or operating the truck. The manner in which appellant was operating his motor truck does not bring him within the meaning of these ordinances, and the prosecution should have been dismissed.

The judgment appealed from is reversed.

WHITING, J., did not participate in this decision.