THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HECKMAN TRUCKING CO., INC., Appellant.

Argued March 15, 1938; decided April 12, 1938.

*Robert M. Davitt, Fred O. Nelson, Jr.,* and *Barker D. Leich* for appellant. The activities of the vehicle in question do not bring the defendant within the purview of the ordinance involved (New York Code of Ordinances, ch. 14, art. 11, § 140). (*People* v. *Bridge Auto Renting Corp.,* 272 N. Y. 637.)

*William C. Chanler,* Corporation Counsel (*Alan M. Stroock, Paxton Blair* and *James Hall Prothero* of counsel), for respondent. The business of the defendant was that of a public cartman. Its contract with the lessee does not relieve the defendant from the duty to take out a license. (*Fleming* v. *People,* 27 N. Y. 329; *Agnew* v. *United States,* 165 U. S. 36; *State of N. Y. ex rel. Pennsylvania R. R. Co.* v. *Knight,* 192 U. S. 21; *City of Brooklyn* v. *Breslin,* 57 N. Y. 591; *Reavley* v. *State,* 124 Tex. Crim. Rep. 528; *Breuer* v. *Public Utilities Comm.,* 118 Ohio St. 95; *Erb* v. *Public Service Comm.,* 93 Pa. Super. Ct. 421.)

*Per Curiam.* This case was tried upon an agreed statement of facts. The Seaboard Freight Lines, Inc., is an interstate motor carrier under regulation of the Interstate Commerce Commission. It leased a truck from Heckman Trucking Company and exercised exclusive control over it. Goods had been deposited in the Seaboard terminal in New York city and were picked up by this truck which was delivering the goods within New York city. No charge was made by Seaboard for the delivery, the expense of the local delivery being covered by the over-all cost of transportation covered by the bill of lading.

This truck was stopped and the company was charged with a violation of an ordinance for failure to show a license. Chapter 14, article 1, of the Code of Ordinances of the City of New York provides:

" Section 1. When required.

\* \* \*

" (m) Public carts and cartmen: \* \* \* No persons shall engage in, or carry on any business, trade or occupation or maintain any place or thing specified in this section without a license therefor."

" Article 11. \* \* \*

" Section 140. Definitions.

" Every vehicle, of whatever construction drawn by animals or propelled by any motor power, which is kept for hire or used to carry merchandise, household or office furniture or other bulky articles within the city, *for pay,* shall be deemed to be a public cart, and the owner thereof shall be deemed to be a public cartman."

The chapter (§ 144) also regulates the amount of charges that may be made in the absence of a special contract by public cartmen, the charge depending upon the size and kind of truck used. The chapter (§ 1, subd. [m]) clearly only applies to public cartmen. It was so decided in *People* v. *Bridge Auto Renting Corp.* (272 N. Y. 637). A public cartman is a common carrier. (*Stevenson & Co.* v. *Hartman,* 231 N. Y. 378.)

The defendant is a New York corporation. It leased seven trucks to the Seaboard Company but has many other trucks. It takes out licenses on its other trucks but not on those seven. The seven trucks were used by the lessee in its business. The truck in question was one of the seven so leased. The defendant did not exercise any control over the leased truck. The sole control was exercised by the lessee. At the time of defendant's arrest, the truck was not " kept for hire or used   *   *   *   for pay." At the time the defendant was not using the truck as a public cartman. Defendant had parted with possession and control of the truck and it was vested in the lessee.

We do not pass upon the other questions briefed.

The judgments should be reversed and the proceeding dismissed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.