THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BENJAMIN ENGLANDER, Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Department, March 10, 1939.

*Paul Abrams*, for the appellant.

*William C. Chanler, Corporation Counsel* [*Charles E. Ramsgate* of counsel], for the respondent.

PER CURIAM. Appeal by defendant from a judgment of conviction rendered November 16, 1938, in the Magistrates' Court of the City of New York, Municipal Term, Part I, Manhattan. Sentence was suspended.

The complaint charges that on the 3d day of November, 1938, defendant " did unlawfully keep for hire a public cart at 117 West 128th Street, without a public cart license therefor from the License Department in violation of Chapter 32, Article 15, Vio., Administrative Code." (Administrative Code of the City of New York, § B32–92.0.)

It appears that defendant owns several wagons and horses but that the wagons are not licensed pursuant to the Administrative Code, which provides as follows:

" Article 15
" Public Carts and Cartmen

" § B32–92.0. Definitions.— a. Whenever used in this article the term ' public cart ' shall mean and include every vehicle, either horse-drawn or motor driven, which is kept for hire or used to carry merchandise, household or office furniture or other bulky articles within the city, for pay.

" b. The term ' public cartman ' shall mean the owner of a public cart."

Defendant testified that he was running a livery stable business at 117 West One Hundred and Twenty-eighth street, New York city.

It is conceded that defendant's business is altogether local and carried on within the city of New York. Defendant admits that he does not require any one to whom he lets a wagon and horses to furnish evidence that he possesses a license. Defendant testified that he hired out his wagons and horses on a daily, weekly or monthly basis, and further that in this case he had entered in a book which he kept for the purpose the number of the license held by the person to whom he let the truck. When the book was produced the license number entered therein was one not included in the list of numbers issued by the license department. The record discloses that on the date in question the wagon was being used by a person other than defendant for the purpose of moving furniture. Defendant-appellant cites *People* v. *Heckman Trucking Co.* (277 N. Y. 480) and *People* v. *Bridge Auto Renting Corp.* (272 id. 637). It is to be noted that these cases involved a type of leasing and relinquishment of control not involved in the case at bar. The case of *City of Brooklyn* v. *Breslin* (57 N. Y. 591) is more in point, wherein the defendants, coal dealers, owned horses and carts which they used in their own business and also hired out to any person who might engage them, without having a license. In affirming a judgment

for plaintiff in an action brought to recover a penalty fixed for the violation of an ordinance requiring a cartman's license, the court said (p. 595): " When, therefore, the defendants hired out their horses and carts to Hendrickson & Fleet they acted not in the business which they were themselves pursuing, but entered upon that of a cartman which could not be transacted without such license."

Upon the entire case we conclude that the defendant falls within the definition of a public cartman in that he was the owner of a public cart which was kept for hire. Accordingly, the judgment of conviction should be affirmed.

Present — BAYES, Ch. J., DE LUCA and WIEBOLDT, JJ.