103 So.2d 179

Ruby CULPEPPER

v.

Nancy DAVIS.

l Div. 684.

Supreme Court of Alabama.

Nov. 14, 1957.

Rehearing Denied June 12, 1958.

Albert S. Gaston and Winston F. Groom, Mobile, for appellant.

William C. Taylor, Mobile, for appellee.

LIVINGSTON, Chief Justice.

Ruby Culpepper brought suit in the Circuit Court of Mobile County, Alabama, against Nancy Davis for the recovery of the possession of a certain-described house and lot located in Mobile County, Alabama. The complaint was in Code form and followed Sec. 223 of Title 7 of the 1940 Code of Alabama, Form 32, for the recovery of land (statutory ejectment). The defendant interposed a plea of the general issue, and the testimony was taken ore tenus before the trial court.

The judgment of the trial court was for Nancy Davis, the defendant in the court below, and Ruby Culpepper has appealed.

■ The issues tried in the court below presented purely questions of fact for a determination by the trial judge, and it needs no citation of authority to support the often-stated proposition that where the trial court sees and hears the witnesses, his finding of fact will not be here disturbed unless it is palpably wrong and unjust. We see no occasion to belabor that point here.

■ Briefly stated, the appellant, Ruby Culpepper, asserts that she was the common law wife of Thomas Culpepper, who died July 23, 1951; that the house and lot, which is the subject matter of this suit, was the homestead of Thomas Culpepper; that Thomas Culpepper left a will under the terms of which he left to Ruby Culpepper "all the rest, residue and remainder of my estate, both real, personal and mixed, of whatsoever nature and wheresoever situated, of which I shall die seized and possessed or to which I may be entitled to at my decease, to my wife, Ruby G. Culpepper, absolutely and in fee simple." This will was dated the 8th day of August, 1944.

Admittedly, Ruby Culpepper and Thomas Culpepper never went through a ceremonial marriage. Ruby admitted that after the will was signed by Thomas Culpepper "he took and throwed me out and the clothes on top of me." Ruby also admitted that she later went through a ceremonial marriage with one Norah Joiner, but quit him before Thomas Culpepper died.

On the other hand, Nancy Davis relied for her rights in the suit property on a deed dated the 13th day of February 1951, from Thomas Culpepper conveying the suit property to her. This deed contained no separate and apart acknowledgment of Ruby. Therefore, Ruby claims that the deed is void because it was the homestead of Thomas and that it passed to her under the will of Thomas.

We will not pause to pass on the marital status of Thomas and Nancy, or the lack of it, because from the record it is quite plain that it was of little interest to them at the time.

We think it is true that if Thomas and Ruby were man and wife at the time Thomas died, the deed to Nancy would be void and Ruby would take under the will. But who can say for sure that Thomas and Ruby were ever joined in the holy bonds of matrimony under the common law as it exists in Alabama? Surely, the trial court was in better position than we to determine that question. He had the witnesses before him; he observed their demeanor on the stand, and we are unable to say that his judgment as to the facts is palpably wrong and unjust.

Affirmed.

LAWSON, MERRILL and COLEMAN, JJ., concur.