117 So.2d 369

**STATE of Alabama**

v.

**Henry B. LAWRENCE.**

**3 Div. 815.**

Supreme Court of Alabama.

Jan. 14, 1960.

John Patterson, Atty. Gen., Willard W. Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

Hugh R. Williams, Montgomery, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal by the State of Alabama from a decree of the Circuit Court of Montgomery County, in Equity, holding that a final assessment against Henry B. Lawrence for mileage tax was improperly made. The final assessment against Lawrence was made under the provisions of Sec. 2 of the Alabama Mileage Tax Act of 1939, Act No. 664, p. 1050, approved July 5, 1940; Title 48, Sec. 301(34), Cum. Pocket Part, Code of Alabama 1940. This section reads, in pertinent part, as follows:

"That every motor carrier traversing the highways of the State subject to the provisions of an Act known as the Alabama Motor Carrier Act of 1939 shall pay to the State of Alabama into the fund of the State Department of Revenue as contribution to the maintenance, repair and policing of its public highways for each mile actually operated within the State on such public highways, whether such vehicle is loaded or empty, a mileage tax * * * of one-fourth cent (1/4¢) per mile, per axle, on all vehicles transporting property, for hire, * * *."

The final assessment by the Department of Revenue was appealed to the Montgomery Circuit Court, in Equity, with the result above indicated.

Under the Motor Carrier Act, Act No. 669, p. 1064, approved July 5, 1940, Subsection F of Sec. 301(1), Title 48, Code of Alabama 1940, a common carrier by motor vehicles is defined as follows:

"The term 'common carrier by motor vehicle' means any person *who or which undertakes, whether directly or by a lease or other arrangement,* to transport passengers or property, or any class or classes of property for the general public in the State of Alabama by motor vehicle for compensation, whether over regular or irregular routes, or whether between fixed termini or not, including such other motor vehicle operations of carriers by rail or water and/or express and forwarding companies under this Act." (Emphasis supplied.)

On the other hand, under the Mileage Tax Act of 1939, Act No. 664, a motor carrier is defined as follows:

"Motor Carrier means any person, firm, partnership, association, joint stock company, corporation, lessee, trustee, or receiver appointed by any court *controlling, operating or managing* any motor vehicle used for the transportation of persons or property for hire." (Emphasis supplied.)

We may here well note that in defining coverages under the progenitor of Act No. 664, supra (Title 48, Sec. 239, Code of 1940), the legislature employed the word "owning" in addition to the words "controlling operating or managing any motor vehicles used for * * *," but for reasons best known to the legislature, the word "owning" was omitted from Act No. 664, supra, upon its passage. It was said in Decatur Transit v. City of Gadsden, 249 Ala. 314, 31 So.2d 339, that Act No. 664, supra, was a revision of the entire subject.

The instant case was submitted in the court below on an agreed statement of facts and some testimony taken orally before the trial court, which, when taken together, support the following finding of facts by the court below:

"1. During the period for which mileage taxes were assessed, the appellant, Henry B. Lawrence, held a certificate of Public Convenience and Necessity issued to him by the Alabama Public Service Commission authorizing certain operations as a common carrier by motor vehicle.

"2. During the period for which mileage taxes were assessed the vehicles were under bona fide leases to Pennsylvania Salt Manufacturing Company, that there was no subterfuge in the lease arrangements and there was no effort or intent on the part of Lawrence or Pennsylvania Salt Manufacturing Company to evade or defeat regulation.

"3. The appellant did not become the bailee of the cargo transported in the vehicles leased to Pennsylvania Salt Manufacturing Company; the appellant did not have the right to direct, control or dominate the operations of said vehicles and did not in fact control, direct or dominate such operations.

"4. The appellant assumed no responsibility or liability for damage or injury to the property or persons of others which might have been occasioned by the operations of said vehicles, and had no responsibility for the cargo transported.

"5. The vehicles were kept in the possession of the lessee during the periods covered by the leases.

"6. The lessee employed, discharged, directed, and controlled the drivers of the vehicles.

"7. The vehicles were at all times during the leased periods under the control and domination of the lessee and the responsibility for operations was that of lessee.

"8. During the periods covered by the leases the vehicles were operated and controlled by the lessee the same as if the vehicles had been owned by the lessee.

"The point is made by the appellee that an order entered by the Alabama Public Service Commission on September 17, 1952 in Docket No. 12640 prohibits a certificated common carrier from leasing equipment in such manner as here involved. The court has considered said order and finds that the same is concerned with the identification of vehicles and does not prohibit such leasing. In the absence of an order of the Alabama Public Service Commission or some other body having authority to issue such an order, common carriers may lawfully lease equipment as was done here.

"Upon consideration of the pleadings and the evidence, the court finds that the transportation upon which the mileage tax assessment in this case is based was private carriage performed by Pennsylvania Salt Manufacturing Company and was not transportation for hire performed by the appellant. The assessment is not valid and is of no force or effect."

We have held that the Mileage Tax Act of 1939 (Act No. 664, supra) "is an independent act dealing with taxation and distinct from the Alabama Motor Carrier Act, Art. 3, §§ 301(1) to 301(32), Title 48, Code 1940, as amended, and is separately administered. * * * The tax act itself fixes the status of the taxpayer." Griffin v. Edwards, 260 Ala. 12, 68 So.2d 705, 708.

As was said in State v. Hotz GMC Trucks, Inc., 268 Ala. 120, 105 So.2d 98, 100:

"A motor carrier, as defined in § 1 of Act No. 664, supra, is required to pay the mileage tax prescribed by § 2 of said Act only if such motor carrier is 'traversing the highways of the State subject to the provisions of' an Act known as the Alabama Motor Carrier Act of 1939 (Act No. 669, appvd. July 5, 1940, Gen.Acts 1939, p. 1064, as amended; Code 1940, Tit. 48, Art. 3, §§ 301(1) to 301(32). But, in the instant case we do not get to any question as to whether Hotz is subject to the provisions of the Motor Carrier Act for the simple reason that Hotz is not, in our view, a motor carrier within the meaning of that term as defined in the Mileage Tax Act (Act No. 664, supra). For one to be liable for the mileage tax the following three conditions must exist, viz.: (1) In the first place, he must be a motor carrier, as that term is defined in the Mileage Tax Act, that is, he must *control, operate* or *manage* a motor vehicle used for the transportation of persons or property for hire. (2) If it be determined that he is a motor carrier as so defined, he must, as such carrier, be traversing the highways of the state. (3) He must be subject to the provisions of the Motor Carrier Act. In the case before us we do not get beyond the first requirement. We are in accord with the trial court's finding that Hotz, in maintaining the vehicles, procuring the license tags for them, and keeping them insured against fire, theft and collision, was not 'controlling, operating or managing' them, and· hence is not liable for the mileage tax assessed against it."

We are fully aware of the difference between the instant case and the Hotz case, supra, excerpts from which are quoted above; but there is no difference between them in so far as is pertinent to a decision of this case. In other words, neither case comes within the purview of the definition of a motor carrier under the Mileage Tax Act, and that act alone fixes and determines the status of the taxpayer. State v. Hotz GMC Trucks, supra.

We are cited to no authority, nor has our search revealed any, which prevents a common carrier by motor vehicle from leasing his equipment. This is a matter which addresses itself to the legislature.

The judgment is affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.