123 So.2d 916

Harry H. HADEN, as Commissioner of Revenue,

v.

Roy W. RHODES et al., d/b/a Rhodes & McLeod Company.

3 Div. 878.

Supreme Court of Alabama.

Nov. 3, 1960.

MacDonald Gallion, Atty. Gen., Guy Sparks, Sp. Asst. Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

Deramus, Fitts & Johnston and Alfred
M. Naff, Birmingham, for appellees.

LAWSON, Justice.

The question in this case is whether the Circuit Court of Montgomery County erred in ordering the Commissioner of Revenue of the State of Alabama to certify to the State Comptroller that appellees, Roy W. Rhodes and Wiley J. McLeod, are entitled to a refund of mileage taxes in the amount of $9,906.17, which they paid voluntarily to cover the operation of certain motor tractors and trailers which they owned and which were used to transport property of another for compensation over the highways of this state during the period beginning October 1, 1955, and ending May 31, 1958.

The tax involved is that which is levied on motor carriers by Act No. 664, approved July 5, 1940. General Acts of Alabama, 1939, p. 1050. The provisions of that act, with certain changes of an editorial nature, are included in the 1955 Cumulative Pocket Part to Volume 7 of the 1940 Code of Alabama as §§ 301(33) to 301(51) of Title 48. For convenience we will refer sometimes hereinafter to the 1955 Pocket Part rather than to the 1939 Act, supra. We have done so in other cases, although the 1940 Code does not include any act of the 1939 General Session of the Legislature approved after June 25, 1940. See State v. L. P. Gas Transport Co., Inc., 260 Ala. 637, 71 So.2d 839; Griffin v. Edwards, 260 Ala. 12, 68 So.2d 705.

Rhodes and McLeod timely filed with the State Department of Revenue a petition for refund as provided in § 913, Title 51, as amended, wherein they claimed that the tax had been paid under a mistake of law or fact; that they had not operated during the period of time involved as a motor carrier, but simply as lessors of automobile equipment.

The petition for the refund was by its express terms based on our case of State v. Hotz GMC Trucks, Inc., 268 Ala. 120, 105 So.2d 98, decided September 11, 1958.

The State Department of Revenue denied the petition for refund.

Rhodes and McLeod then filed their petition for mandamus, praying that an alternative writ of mandamus be issued commanding the Commissioner of Revenue to certify to the Comptroller that they are entitled to a refund of the said sum of

$9,906.17 paid by them as mileage taxes or to appear and show cause why he should not do so.

The alternative writ of mandamus was issued. Thereupon the Commissioner of Revenue made a return to the alternative writ wherein he averred, in effect, that Rhodes and McLeod were not entitled to a refund of the taxes involved in that the manner in which their automotive equipment was operated over the highways of this state during the period of time involved was that of a motor carrier.

After a hearing at which the witnesses testified orally the Circuit Court of Montgomery County ordered the issuance of the peremptory writ of mandamus as prayed. It is from that judgment that the Commissioner of Revenue has appealed to this court.

Rhodes and McLeod, during the period of time here involved, were partners doing business under the names of Rhodes & McLeod Company. They operated a garage where they had only one employee, a mechanic. They owned truck-tractors and trailers, which were used to deliver property of Warrior Sales and Distributors Corporation.

The issue in the trial court was whether Rhodes and McLeod operated the aforementioned equipment as contract carriers within the meaning of the mileage tax act or whether they were simply in the business of leasing such equipment to Warrior Sales and Distributors Corporation, hereafter referred to as Warrior.

The trial court found from the evidence adduced in the trial before him, in part, as follows:

"The evidence discloses that the petitioners [Rhodes and McLeod] leased highway tractors and trailers to Warrior Sales and Distributors Corporation during the period involved herein under a bona fide lease arrangement which was in no way a subterfuge. It was clearly shown that the lessee,

Warrior Sales and Distributors Corporation, had complete and exclusive control over the tractors and trailers involved. The lessee determined in its sole discretion the use to which the vehicles were to be put, the destination, routes followed, loading and unloading, amount and type of cargo hauled, and time of departure and arrival. Petitioners [Rhodes and McLeod] had no voice in determining any of these factors and, as a matter of fact, most of the trailers which were pulled by tractors leased to Warrior by petitioners were owned by Warrior. The drivers of the vehicles were employees of the lessee, they were paid by lessee and received all their instructions as to their employment from the lessee, they belonged to the group insurance plan of lessee, and were covered by lessee's workmen's compensation insurance.

"Rental payments for lease of the equipment were fixed by the miles traveled whether the vehicles were loaded or empty and such payments were in no way calculated on the basis of the amount or value of property transported. Petitioners were in the business of leasing tractors and trailers, they were not in the business of transporting property for hire.

"The facts in this case are in all material respects identical to those in State of Alabama v. Hotz G. M. C. Trucks, Inc., supra [268 Ala. 120, 105 So.2d 98], wherein the court held that the lease involved was a bona fide business arrangement and the lessor was not liable for the mileage tax."

The Commissioner of Revenue, the appellant, contends that the trial court erred in holding that all of the tractors and trailers were leased by Rhodes and McLeod to Warrior in that the evidence shows without dispute that only two of the tractors and none of the trailers were covered by the written lease.

It is true that only one written lease was produced and it covered only two tractors.

However, Mr. Rhodes and Dr. Coons, the President of Warrior, testified that they orally agreed that the terms of the written lease should apply to all of the tractors and trailers whether specifically mentioned in the written lease or not.

There is some intimation in brief filed here on behalf of the appellant that there was no lease agreement except the one in writing and that testimony to the contrary was in effect fabricated in order to come under our holding in the Hotz case, supra, and thereby effectuate a refund of the taxes already paid.

■ The trial court saw and heard the witnesses as they testified. He believed Dr. Coons and Mr. Rhodes. The credibility of those witnesses and the weight to be given their testimony was for the trial judge. Mullinax v. State ex rel. Hunter, 244 Ala. 435, 14 So.2d 150; Culpepper v. Davis, 267 Ala. 541, 103 So.2d 179.

■■ The appellant seeks to invoke the statute of frauds, Code 1940, Title 20, § 3, as to the oral lease, contending that it was an agreement which by its terms was not to be performed within one year from its making. As to this contention, it is sufficient to say that the appellant cannot invoke the statute of frauds, for it applies only to persons who are parties to the parol contract and their privies and those whose rights are directly controlled by it. Lightsey v. Stone, 255 Ala. 541, ~52 So.2d 376, and cases cited.

It is not always an easy task to readily distinguish between a carrier transaction "for hire" and one which is a bona fide leasing or rental transaction. There is no certain yardstick available. Each case must be determined according to its particular circumstances.

However, a reading of the cases, both state and federal, show that the courts have employed certain criteria for distinguish-ing a true leasing or rental transaction from the activities of a motor carrier. But no one nor any particular number of factors are always held to be controlling. However, the fact that a vehicle is driven by its owner or by one employed by the owner is usually considered to be reason for removing the transaction from a true lease or rental status to the carrier class.

So the appellant strongly urges that the trial court erred in finding that the men who drove the vehicles here involved were hired by and were in fact employees of Warrior.

We cannot say that the evidence adduced did not support such a finding. There was much testimony which if believed fully supports the finding of the trial judge and, as observed above, the credibility of the witnesses was for his determination.

We see no occasion to treat the evidence in detail. It has been carefully read and considered in consultation. We are clear to the conclusion that it supports the trial judge's finding set out above.

The facts in the case at bar and those in the Hotz case differ in these respects: Here Rhodes and McLeod supplied the gasoline and oil used in the operation of the vehicles, whereas in the Hotz case these items were supplied by the shipper, Bemis. In this case the public liability insurance policy was in the name of Rhodes and McLeod. Warrior was named as an additional insured. Half of the premium was paid by Rhodes and McLeod and the other half by Warrior. In the Hotz case the public liability insurance was carried by the shipper, Bemis.

These differences, however, standing alone do not, in our opinion, warrant a result different from that reached in the Hotz case. See State of Arizona et al. v. Southwest Lumber Mills, Inc. et al., 80 Ariz. 357, 297 P.2d 1099; People v. Hertz Driveurself Stations, Inc., 338 Mich. 139, 61 N.W.2d 113.

The appellant places much reliance on the case of Interstate Commerce Commis-

**348**

sion v. Gannoe et al., D.C., 100 F.Supp. 790, 793. The facts as found by the federal district court in that case are clearly distinguishable from the facts found by the trial court in the case at bar. In the Gannoe case the district judge found, in effect, that the only driver of the trucks there involved, other than Gannoe himself, was actually an employee of Gannoe rather than of the shipper, Cozier, and that Gannoe, not the shipper, "dominated the actual operation of the trucks on the road." Here the trial court found that the drivers of the equipment involved were employees of Warrior and that Warrior "had complete and exclusive control over the tractors and trailers involved."

In Public Service Commission v. Lloyd A. Fry Roofing Co., 219 Ark. 553, 244 S.W.2d 147, the trucks involved were driven by the owners.

In United States v. La Tuff Transfer Service, Inc. et al., D.C., 95 F.Supp. 375, where the lessor of the motor vehicles was held to be a carrier, the facts disclosed that the lessor collected the rental on a truck mile basis, made single trip one-way "leases," and retained possession of the vehicle for further leasing.

In Motor Haulage Co. v. United States, D.C., 70 F.Supp. 17, the owner of the vehicles claimed to have been leased not only furnished the vehicles but the drivers, and was compensated on a mileage basis.

In Bruce's Juices, Inc. et al. v. King et al., Fla., 61 So.2d 175, the motor vehicles involved were operated by the owners or their agents on one-way trips.

In cases of this type there is a responsibility in the trier of facts to determine whether under the existing circumstances the truck owner who claims to have leased his equipment has in fact done so in good faith or whether his claim is a mere subterfuge made in an effort to avoid the payment of taxes or regulation by the Public Service Commission.

The findings of the trial judge, which we are unwilling to disturb, required an order that the mileage tax be refunded to Rhodes and McLeod in view of our holding in the Hotz case.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.