164 So.2d 489

**Bradley BROWN, as Director of Revenue for Jefferson County**

**v.**

**NATIONAL MOTOR FLEETS, INC.**

**6 Div. 805.**

Supreme Court of Alabama.

July 3, 1963.

Rehearing Granted Feb. 13, 1964.

Further Rehearing Denied May 28, 1964.

Livingston, C. J., and Merrill, J., dissented.

MacDonald Gallion, Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for appellant.

**494**

Deramus, Fitts & Johnston, Harvey M. Deramus and Alfred M. Naff, Birmingham, for appellee.

PER CURIAM.

On original deliverance the Chief Justice reversed and remanded the case for reasons given, which opinion will be his dissent. On application for rehearing and further consideration a majority of the Justices hold to the view that the judgment should be affirmed.

The facts in this case appear in the dissenting opinion. The Court thinks that the learned Chief Justice in his dissenting opinion has failed to take due account of the Title of said Act No. 672, which gives notice that the Act shall apply only to "trucks, truck-tractors, trailers, and semi-trailers *operated for hire*".

■ The term "operate for hire" has a well-known and definite meaning in the jurisprudence of this country. The term means in law, in commercial usage, and in ordinary parlance, the transportation of persons or property for compensation and could not possibly apply to a lessor, such as the appellee, which leases the vehicles to a lessee to carry his own goods or products.— Armstrong v. Denver Saunders System Co., 84 Colo. 138, 139, 268 P. 976 (1928); City of Sioux Falls v. Collins, 43 S.D. 311, 178 N.W. 950 (1920); People v. Heckman Trucking Co., Inc., 277 N.Y. 480, 14 N.E. 2d 801 (1938); State v. L. P. Gas Transport Co., Inc., 260 Ala. 637, 71 So.2d 839 (1954); 80 A.L.R. 574.

■ The fact that Section (b) in the body of the Act purports to enlarge the definition of "for hire" is inefficacious to render the appellee liable for the license since the enlarged definition is directly conflictory with the Title of the Act which gives no notice of this broad definition and, as to this appellee, the enlargement of the definition contains more than one subject and would be unconstitutional under Section 45.

■ It is unnecessary to engage in a lengthy discourse on the purposes of Section 45 of the Constitution. Suffice it to say that the Title alone should be considered and a determination made of the object, or objects, it expresses; and the body of the Act, regardless of definition, cannot enlarge the meaning. " * * * The body should be construed to determine its object or objects. In this process, which necessarily involves serving the legislative intent, we may seek aid from the title. The body also determines the scope of the operation of the act, but it is limited by the maximum scope as expressed in the title and by a minimum scope that does not make the title deceptive."—Carl H. Manson, "The Drafting of Statute Titles", 10 Ind. Law Journal, 155, 160.

We think the cases of State v. Hotz GMC Trucks, Inc., 268 Ala. 120, 105 So.2d 98, and Haden v. Rhodes, etc., 271 Ala. 344, 123 So.2d 916 indicate that it has been the opinion of this Court that a vehicle leased to a lessee under a bona fide lease, where such lessee has complete control and operation of such vehicle and uses same to carry his own goods, is not operated by the

lessor and, therefore, not operated "for hire" by the lessor.

We are at the conclusion that the Act is broader than the Title and, therefore, that part which is within both the Title and the body of the Act will stand, while that part not indicated by the Title will fall.—Opinion of the Justices, 247 Ala. 195, 23 So.2d 505; and cases cited at 247 Ala., p. 199, 23 So.2d, p. 508.

Rehearing granted, judgment affirmed.

LAWSON, SIMPSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.

LIVINGSTON, C. J., and MERRILL, J., dissent.

LIVINGSTON, Chief Justice (dissenting).

This is an appeal by Bradley Brown, as Director of Revenue of the Department of Revenue of Jefferson County, Alabama, from a decree of the Circuit Court of that county holding that the appellee, National Motor Fleets, Inc., was not liable for certain license taxes assessed against it by the appellant pursuant to Act No. 672, Acts of Alabama 1961 (Reg.Sess.), approved September 8, 1961 and effective October 1, 1961.

In pertinent part, the act reads as follows:

*Title:*

"To revise the privilege license schedules relating to the registration of trucks, truck-tractors, trailers, and semi-trailers operated for hire, repealing conflicting laws.

"Section 1.—(a) Each motor truck operated for hire * * *, shall pay a license tax in accordance with the following schedules, based on maximum gross vehicle weight. * * *

"(b) Trucks and Truck-Tractors For-Hire.—Motor trucks and truck-tractors with more than two axles when a single unit, and all tractor-semi-trailer or truck-trailer combinations which are used to transport goods, wares, merchandise, or commodities of any kind or nature for compensation of any kind, or operated under any rental, lease, or other agreement where compensation is charged for the use of such vehicle, * * * shall pay the following licenses: * *."

The appellee tendered to the appellant $36.55 computed under Sec. 697 of Title 51, Code of 1940, as the license tax due on its truck. Appellant refused to accept tender and instead assessed the tax due as a greater sum, computed under Act No. 672, supra. Appellee sought a writ of mandamus in the court below to compel appellant to issue appellee the cheaper license. The trial court issued a rule nisi for the appellant to show cause why he should not sell the cheaper license to the appellee. Appellee filed an answer. The cause was heard and the trial court found that the appellee's truck and trailer did not fall within the scope of a for-hire vehicle. Therefore, judgment was rendered against appellant and a peremptory writ of mandamus was issued directing him to sell the appellee the cheaper license under Sec. 697 of Title 51, supra. From this judgment and decree, appellant perfected this appeal.

The cause was tried on stipulated facts, which are, in essence, as follows:

National Motor Fleets, Inc. (appellee), is engaged in the business of leasing motor vehicles in Jefferson County, Alabama, and owns the vehicle and semi-trailer with which we are here concerned. The said unit had been leased to the Alabama Steel Drum Co. for a term of five years. There is no contention that the lease is a sham or subterfuge; it is a valid and binding contract. The appellee maintains the vehicle and trailer, furnishes the gasoline and oil for it, keeps it in repair, and pays the license taxes and insurance on it. The lessee (Alabama Steel Drum Co.) furnishes its own driver and has exclusive control over the driver and the use of the equipment. The lessee uses the unit exclusively for transporting its own goods and products.

Appellant's entire case rests upon the contention that Sec. 1(b) of the act contains a definition of trucks and truck-tractors for hire and that such definition includes those trucks and truck-tractors which are operated "for compensation of any kind, or operated under any rental, lease, or other agreement where compensation is charged." Appellant insists that the Alabama Legislature included in Act No. 672 its own definition of what constitutes "trucks and truck-tractors for hire." He insists that the legislature's definition must be controlling in determining what is a for-hire vehicle under the act, and the definition given the term by the courts when construing other acts is of no consequence.

We agree with the statement that if the legislature defines a term in an act, such definition is controlling in interpreting the act. This Court has consistently held that "the tax act itself fixes the status of the taxpayer." State v. Lawrence, 270 Ala. 169, 117 So.2d 369; State v. Hotz GMC Trucks, Inc., 268 Ala. 120, 105 So.2d 98; Griffin v. Edwards, 260 Ala. 12, 16, 68 So.2d 705, 708.

We are also constrained to agree with the appellant that the act contains its own definition. Section 1(b), supra, begins "Trucks and Truck-Tractors For-Hire." There follows a sentence which, it seems to us, can only be construed as defining or stating what is meant by the term "Trucks and Truck-Tractors For-Hire." To agree with appellee that Sec. 1(b) does not contain a definition would be to regard the title to that section as mere surplusage; we do not think that the legislature so intended.

The appellee is concerned with the meaning and use of the term "operated" as used in the phrase "or operated under any rental, lease, or other agreement where compensation is charged * * *." It is appellee's contention that this Court must interpret the term as reading either "operated by the lessor * * *" or "operated by the lessee * * *." Appellee argues that if we adopt the former interpretation it would

not be liable for the tax, because this Court has held that a lessor of a vehicle does not operate it. State v. Lawrence, supra; State v. Hotz GMC Trucks, Inc., supra.

But we cannot read into the statute what the legislature has omitted. As the appellee himself has pointed out, where there is nothing in a statute to indicate to the contrary, words of the statute will be given the meaning which is generally accepted in popular everyday use. State v. Lamson & Sessions Co., 269 Ala. 610, 114 So.2d 893; State v. Maddox Tractor & Equipment Co., 260 Ala. 136, 69 So.2d 426. It is clear to us that when the word "operated" is used in its ordinary and everyday sense, it is not modified or restricted by any implied prepositional phrases such as "by the lessor" or "by the lessee." To the contrary, when the term is used without express modification, as it is in the statute here in question, it is apparent that if we are to follow it with a prepositional phrase, the phrase should read "operated by *anyone* under any rental, lease, or other agreement * * *." This broad construction would include operation by the lessee, as appellant insists it was intended to do, and would also include the operation by the lessor under a sham lease, which appellee argues was the purpose of the legislature.

Moreover, we think it is conceded that Act No. 672 was passed to take care of the revenue loss in the repeal of the mileage tax law. Under the repealed mileage tax statute, motor carrier was defined as "any person * * * controlling, operating or managing any motor vehicle used for the transportation of persons or property for hire." Code of Ala., Tit. 48, § 301(33). The Motor Carrier Act also has its own definitions. We say this to demonstrate that our cases construing other acts are not controlling in the instant case, because these other acts, generally, carry their own definitions.

If we accept the theory that the statute does contain a definition of the term "operated for hire," it becomes immaterial to this case whether the lessee used the truck *in*

question to haul its own goods or to haul the goods of others. Both acts of hauling are clearly included in the terms of the statute. We are clear to the conclusion that the license tax provided for in Act No. 672, supra, is due under the stipulated facts.

Appellee argues that Act No. 672 violates Sec. 45 of the Constitution of Alabama 1901 because the title of the act pertains only to vehicles operated for hire while the body of the act attempts to include also those vehicles "operated under any rental, lease, or other agreement * * *." Here again, the fact that the act itself defines the term "for hire" renders appellee's argument specious. By this construction, those vehicles operated under a lease or rental agreement are not covered *in addition to* vehicles for hire, but rather are *included within the meaning of the term* "operated for hire" for the purposes of this statute. Thus, it is clear enough that the title to the act has only one subject; i. e., trucks, truck-tractors, trailers and semi-trailers operated for hire. We have read with care all the cases cited by the appellee to support its contention that the act violates Sec. 45 of the Constitution of Alabama. No useful purpose would be served by a discussion of them here. Suffice it to say, that after careful study we are clear to the conclusion that Act No. 672 does not violate Sec. 45 of the Constitution of Alabama 1901.

Furthermore, as the appellee has so helpfully pointed out in brief, when an act is susceptible of two constructions, one of which would render it offensive to the Constitution and the other of which would not, the construction most favorable to the Constitution should be given even though it might be the less natural of the two. Blach & Sons v. Hawkins, 238 Ala. 172, 189 So. 726; State v. Hartford Fire Ins. Co., 99 Ala. 221, 13 So. 362.

This Court is cognizant of the rule of construction that where coverage is involved and there is doubt as to the applicability of a taxing statute, it is to be construed strictly against the taxing power and in favor of the taxpayer. State v. Helburn Co., Inc., 269 Ala. 164, 111 So. 2d 912; State ex rel. Woodruff v. Centanne, 265 Ala. 35, 89 So.2d 570; Alabama Ice & Utilities Co. v. City of Montgomery, 252 Ala. 131, 40 So.2d 198; Gotlieb v. City of Birmingham, 243 Ala. 579, 11 So.2d 363. The rule is not applicable in the instant case, however, because there is no doubt as to what the statute means. We will not create ambiguity where none exists and then use a rule of construction to resolve the issue in favor of the taxpayer.

It is my opinion that the trial court was in error in holding that Act No. 672 did not apply under the facts in the instant case, and that the judgment should be reversed and remanded.

MERRILL, J., concurs.

On Second Rehearing

PER CURIAM.

The State, after the granting of the first rehearing and the resultant opinion, asked the following question in brief:

"1. Under the opinion rendered by the majority of this Court on February 13, 1964, is the Court's holding limited to leased trucks used to haul exclusively the lessee's own property or does it extend to all leased trucks, including leased trucks used by the lessee to haul property belonging to others for compensation?"

The majority of the Court thinks that the opinion on rehearing is clear that the holding of the majority was limited to leased trucks used to haul exclusively the lessee's own property. For emphasis, we reiterate that such is the holding.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.