MADDOX, Justice
(dissenting).
The majority, by quashing the writ, lets stand the determination by the Court of Criminal Appeals that Alabama’s Child Abuse Statute is unconstitutional. I think the Court of Criminal Appeals misapplied the law and I believe this Court should reverse the Court of Criminal Appeals. 341 So.2d 957. Consequently, I dissent.
The Court of Criminal Appeals correctly held that an overbroad enactment will not enlarge a narrower title, but when it declared the entire Act unconstitutional instead of removing the offending portions, it committed grievous error, in my opinion.
In fact, a statement in the opinion of the Court of Criminal Appeals shows that the court made a mistake. It opined:
“The problems arising from broad statutes with restrictive titles have confronted the Alabama Court on a number of occasions. In Brown v. National Motor Fleets, Inc., 276 Ala. 493, 164 So.2d 489 (1964), the Court dealt with a statute imposing a tax on motor trucks operating ‘for hire.’ There the Court found that where the body of the Act used the term ‘for hire’ in a broader sense than the ordinary commercial meaning, and the title did not indicate this broader usage, the Act was unconstitutional under Section 45. In so holding, the Court stated that: '■
“ ‘The title alone should be considered and a determination made as to object or objects, it expresses; and the body of the Act, regardless of definition, cannot enlarge the meaning. . . . The body determines the scope of the operation of the Act, but is limited by the maximum scope as expressed in the title . (Mason, ‘The Drafting of Statute Titles,’ 10 Ind.Law Journal 155, 160).’ Brown at 494, 164 So.2d 489 (Emphasis added).
“In striking down a portion of Alabama’s stop and frisk statute, which allowed for search after a frisk revealed no weapons, and the title referred to only a ‘search for weapons,’ the Court of Criminal Appeals in White v. State, 49 Ala. App. 5, 267 So.2d 802 (1972), held that an overbroad enactment cannot enlarge a narrow title, and to the extent it purports to do so is void.”
In Brown and White, the entire Acts were not declared void, only those portions which were overbroad. Here, the accused was not charged with conduct other than that expressed in the title, that is, willful conduct. In Brown and White the taxpayer and the accused respectively were complaining about being held accountable under the overbroad provisions of the statutes involved. Consequently, those cases are distinguishable, but helpful because they establish the rule that only the overbroad provisions are struck down.
Basically, I start with the proposition that the statute is presumed valid. Next, the intent of the legislature in passing Act No. 2422 is plain — to prevent child abuse.
I come now to consider the challenger of the Act. Karen Kay Ballard was charged with willfully and unlawfully hitting, beating, striking or inflicting unjustifiable physical pain or mental suffering on Jennifer, in a manner which was not ordinary and reasonable discipline and punishment. In short, she was charged with child abuse, willful conduct clearly prohibited by the statute, even considering a narrow construction of the Title. The rule set out in both Brown and White is that when it is determined that an Act is broader than the Title, that part which is within both the Title and the body of the Act will stand (which I contend is the case here), that part not indicated within the Title will fall. Opinion of the Justices, 247 Ala. 195, 23 So.2d 505 (1945).
As I stated, I do not need this rule of construction to find what the legislature intended when it passed Act 2422, but if I did, I would look to the Title to aid me in determining that when the legislature used the words “hits,” “cuts,” “stabs,” “burns,” “scalds,” or “inflicts unjustifiable physical pain or mental suffering,” it meant that these acts must be “willfully” done, as set out in the Title.
*964 The Court of Criminal Appeals relies strongly on this Court’s case of Brown v. National Motor Fleets. The majority in Brown did not invalidate the entire Act, it merely held that where a title is narrow, that the body of the Act cannot expand or broaden the words as used in the Title. The State here does not attempt to broaden the Act to cover anything other than willful conduct. Consequently, insofar as Karen Kay Ballard is concerned, she was charged with willful conduct, which was proscribed by the Title, and which the majority, even in Brown, said was permissible.
Consequently, I believe that the Act is valid insofar as it proscribes willful conduct — the object expressed in the Title.
I also would reverse the Court of Criminal Appeals’ affirmance of the trial court’s determination that the Act is void for vagueness.
The Constitution does not require impossible standards. Absolute definitional exactness is impossible to achieve. Some generality of language must be acceptable. The words “pain or mental suffering” and “discipline and punishment” are common words. The terms “unjustifiable” and “unreasonable” are common words, commonly understood, especially when used in connection with “pain” and “punishment,” as they are in this statute. Many other state courts have upheld similar statutes when they were attacked as “vague.”
In Campbell v. State, 240 So.2d 298 (S.Ct.Fla.,1970), defendant attacked the constitutionality of Florida Statutes, § 828.04, F.S.A., contending that the words “unnecessarily or excessively” (in connection with chastising a child) as used in the Florida child abuse law were too vague to meet constitutional standards of due process. The opinion of the Supreme Court of Florida is particularly relevant here:
“We find appellant’s contentions without merit. The particular words complained of, ‘unnecessarily or excessively’ are not vague when considered in the context of the entire Statute and with a view to effectuating the purpose of the act. The fact that specific acts of chastisement are not enumerated, an impossible task at best, does not render the statutory standard void for vagueness. Criminal laws are not ‘vague’ simply because the conduct prohibited is described in general language .
“Men of common understanding can comprehend the meaning of the words ‘unnecessarily or excessively chastise’ when read in conjunction with the entire act. The conduct described by the Statute can be determined with reasonable certainty notwithstanding the various methods of disciplining children . . ” 240 So.2d 299, 300 [Footnotes omitted].
In People v. Curtiss, 116 Cal.App.Supp. 771, 300 P. 801 (1931), the court considered the constitutionality of a statute strikingly similar to the one sub judice. There, the defendant was complaining of the language contained in Section 273a(2) of the Penal Code of California, which provided: “Any person who . . . willfully inflicts thereon [on any child] unjustifiable physical pain or mental suffering . is guilty of a misdemeanor.” The California Court commented at 300 P. 804:
“By the use of the word ‘unjustifiable,’ the Legislature intended to make use of the antonym of ‘justifiable,’ and to designate as criminal the infliction of physical pain or mental suffering upon a child, which could not be defended, or vindicated, or which was not exculpable, excusable or authorizable, under the circumstances. The standard thus set up is not abstract. It is concrete. . . . ”
And at 804, 805:
“ * * * Granting that there must be certainty in the definition of criminal acts, we are of opinion that the statute does contain a fixed standard of guilt and that the principles declared in Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146, do not apply. . Reasonableness as the standard of an act, which can be determined objectively from circumstances, is a common, widely-used, and constitutionally valid standard in law. . . . Conformity to this stan *965 dard cannot be said to be violative of the guaranty of due process of the Fourteenth Amendment to the Federal Constitution or of the corresponding provisions in the state Constitution. . . . ” [Footnotes omitted].
In a case recently decided by the Court of Criminal Appeals of Texas, Nabors v. State, 508 S.W.2d 650 (1974), the defendant attacked the constitutionality of the language contained in the Texas Child Abuse Statute, specifically alleging that the statute did not adequately define what constituted “moderate restraint or correction.” In upholding the constitutionality of the statute, the court noted that:
“ ‘The law has not and obviously could not lay down any fixed measure of moderation in the correction of a child. Whether in any particular case the correction was moderate or excessive must necessarily depend on the age, sex, condition, and disposition of the child, and on all the attending circumstances to be determined by the jury under proper instructions.’ Cf. Stanfield v. State, 43 Tex. 167 (1875). We conclude that the statute is not unconstitutional for the reason assigned.” 508 S.W.2d 651, 652, quoting from 44 Tex.Jur.2d, Sec. 17, p. 43.
See also People v. Vandiver, 51 Ill.2d 525, 283 N.E.2d 681 (1971), and State v. Fahy, 201 Kan. 366, 440 P.2d 566 (1968) for examples of similar reasoning in upholding vagueness attacks on child abuse statutes.
I would uphold the constitutionality of the Child Abuse Act.