**In re Clarisea L. WALLEY, a/k/a Clarisea L. Gay, Debtor.**

**Bankruptcy No. 80–00836.**

United States Bankruptcy Court, S. D. Alabama.

Jan. 21, 1981.

Ralph Loveless, Mobile, Ala., for debtor.

Barry A. Friedman, trustee, pro se.

## ORDER ON OBJECTIONS TO CLAIM OF EXEMPTIONS

WILL G. CAFFEY, Jr., Bankruptcy Judge.

At Mobile in said District on the 21st day of January, 1981, before Will G. Caffey, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Objection of Barry A. Friedman, Trustee herein, to the debtor's claim of exemptions; due notice of said hearing having been given, and the said Trustee having appeared pro se; and the debtor having appeared by and through Ralph Loveless, her attorney; and evidence having been introduced;

Now, therefore, the Court finds, concludes and orders as follows:

### FINDINGS OF FACT

The debtor filed her voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code on October 10, 1980. Barry A. Friedman is the duly appointed, qualified and acting Trustee of this estate in bankruptcy.

In Schedule B–4, as amended, the debtor claimed as exempt various items of personal property, in which her interest was valued at $1,407.00, together with a homestead, located at 220 Northwood Dr., Gulfport, Mississippi, in which her equity was valued at $6,098.20.

The debtor resided in Alabama for about 9 years prior to August 4, 1980 when she moved to Gulfport, Mississippi. At the time of the filing of her petition she was a resident of Mississippi.

The 1980 Alabama Legislature passed an act, effective May 19, 1980 which denied the Federal exemptions, established under Section 522(d) of the Bankruptcy Code, to Alabama debtors and required the application of the State exemption.

Act No. 80–569, 1980 Regular Session Legislature of Alabama

The Federal exemptions are still applicable in the State of Mississippi.

### CONCLUSIONS OF LAW

The exemptions claimed by the debtor exceed the amounts allowed under Alabama law, but are within the allowances under the Federal exemptions established by Sec. 522(d) of the Bankruptcy Code. The Trustee contends that the Alabama exemptions apply; and for that reason objects to the allowance of the homestead and personal property exemptions claimed by the debtor.

The law which applies to this matter is to be determined by Section 522(b) of the Bankruptcy Code, which provides inter alia as follows:

"(b) * * * an individual debtor may exempt from property of the estate either—

(1) property that is specified under Subsection (d) of this Section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; * * * "

Under this provision, it is clear that the law of Alabama applies in this matter, since the debtor resided in Alabama for 113 out of the 180 days immediately preceding the filing of the petition; and had resided in Mississippi for only 67 days of that period.

The Alabama Act is titled as follows:

"An Act"

"Relating to debtor exemptions; amending Section 6–10–2, Section 6–10–6, Section 6–10–33, Section 6–10–38 and Section 6–10–40 of the 1975 Code of Alabama; providing that the federal exemptions in Section 522(d) of the Bankruptcy Code of 1978 (11 USC Sec. 522(d)) are not available to persons residing in this State; providing that in Bankruptcy, residents of Alabama shall be entitled only to those exemptions provided under the laws of this state and under federal laws other than Section 522(d) of said Bankruptcy Code (11 USC Sec. 522(d)); deeming a mobile home or similar dwelling to be a homestead for homestead exemption purposes; clarifying the allowance of the homestead exemption for a husband and wife; providing a savings clause, providing for severability of the provisions hereof; providing for an effective date."

Section 1 of the Alabama Act provides as follows:

"Section 1. In cases instituted under the provisions of Title 11 of the United States Code entitled "Bankruptcy", there shall be exempt from the property of the estate of an individual debtor only that property and income which is exempt under the laws of the State of Alabama and under federal laws other than Subsection (d) of Section 522 of said Title 11 of the United States Code."

It is to be noted that under Section 1 of the body of the Act, in any "case" instituted in Alabama under the provisions of Title 11 of the United States Code, the Federal exemptions under Section 522(d) of the Bankruptcy Code are declared "not available" and only the State exemptions (plus any federal exemptions not under Section 522(d) of the Bankruptcy Code) are declared applicable. Under the Bankruptcy Code a "case" may be instituted by a resident of the State or, under the conditions therein set out, by a non-resident of the State.

If the Alabama Act is construed to apply to non-residents as well as to residents of Alabama, it flies into the face of an Alabama constitutional provision which mandates that "Each law shall contain but one subject, which shall be clearly expressed in its title, ＿＿＿".

Constitution of Alabama of 1901, Art. IV, Sec. 45

Here, the title of the Act clearly restricted its subject matter to residents of the State of Alabama; but Section 1 of the body of the Act could apply both to residents and non-residents.

An overbroad enactment cannot enlarge a narrower title.

*White v. State,* 49 Ala.App. 5, 267 So.2d 802 (1972)

*State v. Ballard,* 341 So.2d 957 (Ala.Crim. App.1976) Cert. den. 341 So.2d 962 (Ala. 1977)

However, Alabama law recognizes that where an act is broader than its title, that part which is within both the title and the body of the act can stand.

*Brown v. National Motor Fleets, Inc.,* 276 Ala. 493, 164 So.2d 489 (1963)

*See: Opinion of the Justices,* 247 Ala. 195, 23 So.2d 505 (1945)

If Section 1 of Act No. 80–569 is construed to apply only to residents of Alabama, therefore, the conflict between the body of the Act and the Title of the Act will be obviated, and the Act will not violate the constitutional provision. Such construction is favored.

*J. Blach & Sons v. Hawkins,* 238 Ala. 172, 189 So. 726 (1939)

This Court is of the opinion, therefore, that the debtor is entitled to the exemptions allowed by Section 522(d) of the Bankruptcy Code, since the law of the State which applies to the case does not specifically deny to her, as a non-resident, the federal exemptions.

### ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Objections of Barry A. Friedman, Trustee, to the exemptions claimed by Clarisea L. Walley, the debtor, be, and the same hereby are, OVERRULED and DENIED; and said exemptions are hereby approved and allowed.