68 So.2d 705

GRIFFIN et al.

v.

EDWARDS, Commissioner of Revenue.

3 Div. 645.

Supreme Court of Alabama.

Nov. 19, 1953.

Leon G. Brooks, Brewton, and John W. Rish, Dothan, for appellants.

14

. Si Garrett, Atty. Gen., and H. Grady Tiller and Wm. H. Burton, Asst. Attys. Gen., for appellee.

SIMPSON, Justice.

The appellants, seeking to avoid an initial assessment for a gasoline mileage tax made by the State Department of Revenue, filed a petition in the circuit court of Montgomery County. The trial court affirmed the assessment and the appellants have appealed.

The appellants have two separate contracts with the Sherrill Oil Company (to be referred to as the Company), a corporation domiciled in Florida. The Company owns several bulk plants at different points in Alabama. Under the terms of the first of these contracts, the Company agreed to make available such facilities to the appellants; the appellants were deemed distributors in the territory where the Company's bulk plant facilities were located and were to receive and sell the products of the Company which were consigned to them in this territory, for which they were to be compensated on a commission basis. The second contract, a separate hauling or trucking contract, was also entered into whereby the appellants agreed to transport from the Company's plants located at Pensacola and Panama City, Florida, to the Company's bulk plants and tanks located at certain points in Alabama. The appellants under this hauling contract were to transport "such petroleum products and other merchandise as the Shipper (Sherrill Oil Company) elects to deliver to Carrier (Appellants)." The rates which were to be paid were based on the number of gallons hauled and the distance involved in the haul; this contract further provided that the appellants were to haul in their own trucks, furnish the drivers, become liable for all Social Security, Unemployment and Workmen's Compensation concerning the drivers, take out insurance as to liability for damages to property and to the cargo and assume the risks. At the times involved in the hauling contract, the title to such oil products was in Sherrill Oil Company, it being both the consignor and the consignee under the bills of lading and delivery tickets.

The mileage tax has been assessed by the Department of Revenue as to the services involved under the appellants' trucking contract. The provisions of the Alabama Mileage Tax Act, which the State contends

is the basis for such tax assessment, are as follows:

"Every motor carrier traversing the highways of the state subject to the provisions of article 3 of this chapter shall pay to the State of Alabama into the fund of the department of revenue as contribution to the maintenance, repair and policing of its public highways * * *." Title 48, § 301(34), Code 1940, Cumulative Pocket Part.

The provisions of article 3 referred to in § 301(34) as pertinent read:

"The term 'contract carrier by motor vehicle' means any person * * * who or which under a special or individual contract or agreement, under special or individual contracts or special or individual agreements, and whether directly or by lease or any other arrangement transports * * * property by motor vehicle for compensation in this state." § 301(1), subsec. G.

"The term 'motor carrier' includes both a common carrier by motor vehicle and a contract carrier by motor vehicle." § 301(1), subsec. H.

The appellants assert that in performing the services called for under their trucking or hauling contract with the Company they are regularly engaged in the business of selling such oil products and other merchandise which they haul for Sherrill Oil Company from points in Florida to points in Alabama and are therefore exempt from the mileage tax assessment by virtue of the following exclusionary provision found in article 3: "This article shall not be construed to apply to: * * (3) Motor vehicles while used in the intrastate transportation of property when the person furnishing the transportation is legally and regularly engaged in the business of selling such property". § 301 (2), Title 48. The basis of appellants' contention is the character of the stated operation of appellants in the performance of the distributorship contract.

■ Decision of whether the appellants were regularly engaged in the business of selling when they were making the hauls described in the hauling contract, and therefore exempt from the tax, has not been without difficulty and the briefs of counsel have greatly aided the court in determining the question. At the outset and for emphasis, particular note should be taken of the fact that the appellants are seeking to invoke a tax exemption clause and the general rule is that exemptions must be strictly construed against the taxpayer and in favor of the taxing power. State v. Wertheimer Bag Co., 253 Ala. 124, 43 So.2d 824.; Bowman v. State Tax Commission, 235 Ala. 190, 178 So. 216; State v. Tuscaloosa Cotton Seed Oil Co., 208 Ala. 610, 95 So. 52; Brown v. Protective Life Ins. Co., 188 Ala. 166, 66 So. 47.

■ In the light of this guiding rule, the court has been drawn to the conclusion that the services which were performed under the trucking contract were transportational services, which were distinct and separate from the selling duties of the appellants. The appellants' activity under the hauling contract was in no sense a part of the business of selling the products to their retail dealers, but was exclusively that of contract carrier, who were paid by the company consignor to transport and deliver its products to its bulk plants in Alabama, while on the other hand the other activity of appellants—selling the products of the Company—began after their transportational business under the trucking contract had been accomplished by said delivery. We think the trial court ruled correctly, therefore, in holding that the appellants are not entitled to the claimed exemption.

■ The appellants also contend that the Department of Revenue was not lawfully entitled to make the assessment of mileage tax. The argument runs that the Department, under the Alabama Motor Carrier Act and Alabama Mileage Tax Act, was not authorized to make assessments against contract carriers independently of the Alabama Public Service Commission, but that it was necessary for the Commission to make a finding that the appellants were "contract carriers by motor vehicle" in order for the appellants to be subject to the provisions of the Alabama Mileage Tax

Act as related to the Alabama Motor Carrier Act. We regard this position as also untenable. The Alabama Mileage Tax Act, Art. 4, § 301(33) et seq., Title 48, Code 1940, as amended, is an independent act dealing with taxation and distinct from the Alabama Motor Carrier Act, Art. 3, §§ 301(1) to 301(32), Title 48, Code 1940, as amended, and is separately administered. The Motor Carrier Act is administered by the Alabama Public Service Commission, whereas administration of the Mileage Tax Act and its enforcement is vested in the State Department of Revenue, acting by its Commissioner. By virtue of the provisions of the Mileage Tax Act, the Department of Revenue is empowered to employ agents for the collection of the tax, § 301(49); motor carriers are required to file a bond with the Department of Revenue to insure collection of the tax, § 301(50); the Department of Revenue is given authority to examine the books of motor carriers subject to the tax and to prescribe records and reports to be made by the taxpayer. § 301(36). Further, the Department of Revenue is given authority to make assessments and to make such assessments final. §§ 301(40), 301(42). The Mileage Tax Act also provides that every motor carrier subject to the provisions of Art. 3 of the Alabama Motor Carrier Act should pay into the funds of the Department of Revenue. § 301(34). The legislature in Art. 3 defined what constitutes a "contract carrier by motor vehicle" and "motor carrier". § 301(1), subds. G, H. Although under these statutes anyone who falls within the terms of such definitions is subject to the Alabama Motor Carrier Act as well as the Mileage Tax Act, the tax act itself fixes the status of the taxpayer and it would therefore be unnecessary for the Public Service Commission to declare the appellants to be "contract carriers by motor vehicle" in order for them to be subject to the Mileage Tax Act.

One final proposition. The Department of Revenue is attempting to collect the mileage tax for all years which, at the time of the assessment, were not barred by the statute of limitations. The appellants also advance the argument as sustaining their contention that they are exempt from the tax that the Department of Revenue omitted to claim or attempt to collect the tax from the appellants for a period of some eighteen years prior to the making of the assessment; that therefore this inaction constituted a departmental interpretation that the operations of the appellants were excluded from the provisions of the statute, leading to the result that they should now be declared exempt. But aside from the fact that an administrative construction of a statute is not conclusive, State v. Wertheimer Bag Co., supra, the Mileage Tax Act places the burden on the carrier to properly comply with the law by filing monthly reports with the State Department of Revenue and paying the mileage tax. § 301(34) et seq. The appellants did not comply with this provision and the evidence disclosed the State acted in the case immediately upon becoming aware of the fact of nonpayment by the appellants, the difficulty of detecting such deficiency being due to the nature of the operations of appellants.

We find no error in the opinion and conclusion below.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.