74 So.2d 455

**STATE of Alabama**

**v.**

**GLENWOOD MERCANTILE COMPANY,**
a Corporation.

4 Div. 771.

Supreme Court of Alabama.

Aug. 30, 1954.

Si Garrett, Atty. Gen., and H. Grady Tiller, and Wm. H. Burton, Asst. Attys. Gen., for appellant.

Yarbrough & Cassady, Enterprise, for appellee.

SIMPSON, Justice.

The question under review is whether the appellee corporation was a contract carrier within the meaning of subsection G, § 301(1), Title 48, Code 1940 (1953 Supplement), and therefore subject to a mileage tax assessment which the Department of Revenue of Alabama assessed against it for certain peanut hauling operations during the year 1950. The circuit court of Crenshaw County vacated the assessment and the State has appealed.

In short, the statute provides that every motor carrier traversing the highways of the state which is subject to the provisions of Art. 3 of Chapter 3 of the act relating to motor transportation companies is made subject to a mileage tax. § 301(34), Title

48, supra. By the terms of § 301(1), subsec. H, motor carrier includes both "common carrier" and "contract carrier" by motor vehicle, and by the terms of subsec. G of said section, "contract carrier by motor vehicle" means any person not a common carrier "who or which under a special or individual contract or agreement, under special or individual contracts or special or individual agreements, and whether directly or by lease or any other arrangement transports passengers or property by motor vehicle for compensation in this state."

■ It seems clear to us that by the terms of said subsec. G anyone transporting property by motor vehicle for hire under any arrangement or agreement is made subject to the tax, which necessarily includes the arrangement under which the appellee corporation was conducting its hauling operations. Briefly stated, the appellee had a contract with the Southern Cotton Oil Company to purchase for the Oil Company as their agent peanuts from peanut growers, to be delivered at appellee's store at a price stipulated by the Oil Company, said peanuts to be then hauled by the appellee to the Oil Company's mill in Andalusia. The compensation of appellee to act as such agent is thus stated in the contract:

"*Commission and Trucking*—We are to pay you a total of $6.50 per ton net weight for buying, handling, and delivering these peanuts to Andalusia. You are to truck these peanuts, or arrange to have them trucked, promptly as they are bought, without any accumulation there."

There seems to be little if any question but that the peanuts, when purchased by Glenwood Company, became the property of the Oil Company. Thus appellee does not come within the rule of State v. L. P. Gas Transport Co., 260 Ala. 637, 71 So.2d 839.

The trial court, in vacating the order of the Department of Revenue levying the mileage tax assessment for these hauling operations, decreed:

"(1) That the appellant was the purchasing agent of Southern Oil Company, and that the delivery of the peanuts was incidental thereto,

"(2) That the appellant was not a contract carrier within the meaning of the Motor Carrier Act."

■ We find ourselves in disagreement with the foregoing holding. The tax is levied on the transportation of property for hire, whether under contract, lease, "or any other arrangement." There is no provision in the law for excluding transportation for hire when it is incidental to or in connection with other services which are paid for as a whole, although we do not think the haul to Andalusia was merely incidental. The tax is levied on a mileage basis and the statute does not concern itself with the amount of compensation the hauler receives for the transportation and the Department of Revenue therefore cannot be concerned with how much Glenwood was being paid out of the $6.50 per ton for the hauling. Under Glenwood's contract it was to perform three services—buying, handling and transporting—and even though payment for all three was in a lump sum, there can be no doubt that part of the compensation was for transporting the peanuts from Glenwood to Andalusia, a distance of forty-two miles. It should make no difference whether there was one or three contracts if from the entire transaction it can be determined that the carrier was transporting property for hire. Cf. Griffin v. Edwards, 260 Ala. 12, 68 So.2d 705.

We are constrained to hold, therefore, that appellee is liable for the tax and a judgment will be here entered accordingly.

Reversed and rendered.

LAWSON, STAKELY and MERRILL, JJ., concur.