249 So.2d 622

**In re STATE of Alabama et al.**

**v.**

**F. W. CRENSHAW.**

Ex parte State of Alabama and the Board of Tax Equalization of Butler County, Alabama, et al.

**3 Div. 460.**

Supreme Court of Alabama.

June 10, 1971.

**140**

MacDonald Gallion, Atty. Gen., Willard W. Livingston, Asst. Atty. Gen., and Counsel, Dept. of Revenue, Herbert I. Burson, Jr., Asst. Atty. Gen., and Asst. Counsel, Dept. of Revenue, for petitioners.

Calvin Poole, Greenville, for respondent.

HEFLIN, Chief Justice.

This case is before this Court for review on writ of certiorari to the Court of Civil Appeals, 47 Ala.App. 3, 249 So.2d 617.

The review question presented by the State of Alabama for consideration is whether the decision of the Court of Civil Appeals is in conflict with what this Court stated in State v. Golden, 283 Ala. 706, 220 So.2d 893.

Following an assessment by the Board of Equalization of Butler County, Taxpayer Crenshaw took an appeal to the Circuit Court of Butler County, Alabama, on July 18, 1969, without filing a supersedeas bond. He paid the general ad valorem taxes on October 15, 1969 (the date of the trial) before said taxes became delinquent. The state filed a motion asking the trial court to dismiss the appeal, alleging that Taxpayer Crenshaw failed to pay his taxes when he took the appeal on July 18, 1969. The trial court denied said motion. After an unfavorable jury verdict, the state appealed to the Court of Civil Appeals.

In State v. Golden, supra, the state appealed from certain rulings of the Circuit Court of St. Clair County, Alabama, which refused to grant the state's motion to dismiss the appeal of the Taxpayer Golden from a final assessment of general ad valorem taxes for the tax year by the county board of equalization. In Golden, the tax-es paid on December 6, 1965, the date of the trial, were based on the controverted 1965 assessment of the figure of $2,400, rather than the assessment for the preceding year 1964, of $3,200.

The principal question with which this Court concerned itself in Golden was whether the taxes to be paid by one appealing under Section 110, Title 51, Code of Alabama 1940, in lieu of a supersedeas bond, would be based on the valuation for the year in controversy or on the valuation for the preceding year. This Court, as then constituted, correctly held that one appealing under the provisions of Section 110, supra, must follow the language of the statute and pay taxes on the valuation placed on the property for the preceding year. The taxes due and payable under the provisions of Section 110, supra, should have been based upon the $3200 valuation for the tax year of 1964 and not on the $2400 valuation placed on the property for the tax year of 1965. This was the crux of the holding in Golden.

However, there is language in Golden directed to the time at which the applicable tax must be paid under Section 110, supra. That language is as follows:

"Finally, the wording of the statute is clear, if a taxpayer is dissatisfied with the assessment made by the County Board of Equalization, as a condition to taking his appeal he must either file a supersedeas bond or pay the taxes due as fixed for assessment for the preceding year. Such tax should be paid 'when the appeal is taken' unless when or 'at the time of taking of the appeal' the taxpayer has filed a supersedeas bond. *A reasonable construction of the statute is to require the payment of taxes in order to perfect the appeal and the taxes should have been paid at the time of taking the appeal. * * *"* Id., at 708, 220 So.2d 893. (Emphasis supplied.)

In reviewing Section 110, supra, the pertinent language pertaining to the time

when taxes must be paid, if a supersedeas bond is not filed, is as follows:

"* * *. When an appeal is taken the taxpayer shall pay the taxes *due* as fixed for assessment for the preceding tax year *before the same becomes delinquent*, * * *. (Emphasis supplied.)

Section 23, Title 51, Code of Alabama 1940, provides that ad valorem taxes are due and payable on the first day of October in each year and become delinquent if not paid before the first day of January of the following year.

In *Golden*, no treatment or mention was made of the language "* * * before the same becomes delinquent * * *" nor of the word "due." However, the above-quoted portion from *Golden* states that the taxes should be paid "when an appeal is taken."

Section 107, Title 51, Code of Alabama 1940, provides that the board of equalization of a county shall not extend its sitting beyond the second Monday in July, unless otherwise ordered by the Department of Revenue, to dispose of cases where valuations have been questioned. Section 110, supra, provides that appeals from the rulings of a county board of equalization shall be taken within thirty (30) days after the final decision of said board. This means that in the ordinary course of events an appeal would be taken before the due date for the payment of taxes (October first).

A construction that the words "* * * before the same becomes delinquent * * *" are superfluous and meaningless is contrary to the clear intent of the statute when viewed in connection with the sequence of events pertaining to the time when an appeal must be taken, the time that taxes are due, and the time when taxes are delinquent.

In the construction of statutes, every word, every phrase, and every sentence must be construed together to make a composite holding; and all related statutes must be construed in pari materia. Smith

v. Smith, 266 Ala. 118, 94 So.2d 863; May v. Head, 210 Ala. 112, 96 So. 869.

Assuming, but not conceding, that the phrase in the above-quoted portion of said Section 110 "* * *. When an appeal is taken the taxpayer shall pay the taxes * * *" can be construed to mean that the payment of taxes is a condition precedent to a taxpayer taking an appeal, this said Section 110 also contains language which is clearly in conflict with such a construction for it is stated therein as follows: "* * * the taxpayer shall pay the taxes *due* as fixed for assessment for the preceding tax year *before the same becomes delinquent*, * * *"

It is settled that if two provisions of a tax statute are in conflict, the legislative intent must be found, if possible, from the whole act, considering its history, nature, purpose, etc., having in mind that such statutes are construed in favor of the taxpayer. But if the conflict is irreconcilable and the statute cannot be determined by other rules, then the statutory rule as to the last legislative expression will control. State v. Burchfield Bros., 211 Ala. 30, 99 So. 198. Where two sections or provisions of an act are conflicting (as in the instant case), the last in order of arrangement controls. Davis v. State, ex rel. Cherokee County Board of Equalization, 16 Ala. App. 397, 78 So. 313; Wilkins v. Woolf, 281 Ala. 693, 208 So.2d 74.

Construing Section 110, supra, according to the above-established rules of construction, this Court concludes that where no supersedeas bond is filed, the payment of taxes by the appealing taxpayer, ordinarily, is a *condition subsequent, not a condition precedent,* which must be satisfied "* * * before the same becomes delinquent * * *." In the case under review, the Taxpayer Crenshaw, appealing under the provisions of Section 110, supra, had the right to pay the taxes at any time before January 1, 1970.

This Court re-affirms what was said in *Golden* as to the requirement that, on an

appeal on assessment under the provisions of Section 110, supra, the taxpayer (if no supersedeas bond is filed) shall pay the taxes due as fixed for assessment for the preceding tax year. To the extent that *Golden* requires (in the absence of a supersedeas bond) that such taxes must be paid as a condition precedent to the taking of an appeal under the provisions of Section 110, supra, when the appeal is taken prior to the delinquent date for the payment of taxes, it is expressly overruled.

The judgment of the Court of Civil Appeals is due to be affirmed. It is so ordered.

Affirmed.

LAWSON, SIMPSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH, and McCALL, JJ., concur.