299 So.2d 737

**In re STATE of Alabama**

v.

**FRANCO NOVELTY CO., INC.**
**Ex parte State of Alabama.**

**SC 746.**

Supreme Court of Alabama.

July 11, 1974.

Rehearing Denied Aug. 8, 1974.

Willard W. Livingston, Counsel, Dept. of Revenue, William H. Burton, Asst. Counsel, Dept. of Revenue, for petitioner, the State.

Hill, Hill, Carter, Franco, Cole & Black, Montgomery, for respondent.

FAULKNER, Justice.

The writ of certiorari was granted because this was a case of first impression, affecting the license tax laws of this State. The primary question is whether a table which looks like a pool table, yet has a detachable slot for coins to collect the playing fee, and upon which a game of pool is played, is a pool table or is it a coin-operated machine? Is it to be taxed as a pool table as the State contends, or is it to be

taxed as a "coin-operated machine", as Franco contends. The State says in brief, " . . . We do not believe that anyone who is familiar at all with pool tables will say that the tables illustrated . . . in evidence . . . are not pool tables."

Both the State and Franco say that a game of pool can be played on these tables. But, Franco says that the distinguishing feature between the tables in question and the regulation pool table is the size; there is a slot for coins in these tables for collecting the playing fee, and no one from the "house" who racks the balls. The State counters this by saying that the Court of Appeals of Alabama has held that a coin-operated toilet is not a slot machine. State v. New Florence Operating Co., 19 Ala.App. 194, 95 So. 913 (1923).

The tables here involved are somewhat smaller than the conventional type pool table which is 4½ feet by 9 feet. These are mainly 3½ feet by seven feet, but some of them are 4 feet by 8 feet. The game of pool is played in the usual way with 15 balls (numbered 1 through 15), a cue ball, and a cue stick, the object being for the players to knock the playing balls into one of the six pockets on the table, by the use of a cue stick and cue ball. However, a player cannot "scratch" with the cue ball, as it is a tiny bit larger than the playing balls and consequently will not fall into one of the six pockets. The advertising brochure states that a special drawer is available for easy conversion to a "beautiful contemporary styled pool table, slides on and off the same way." These tables appear in such places as "Howard's Place," "Smilie's Tavern," and "High Street Pool Room." They are located in counties in central Alabama.

The Court of Civil Appeals of Alabama, 53 Ala.App. ——, 299 So.2d 733 held that the tables were pool tables, but because of the detachable coin slot attachments on them, they were not to be licensed under Title 51, § 575, Code of Alabama, 1940, Recompiled 1958 (the pool table license

statute), but were to be licensed as a "coin-operated vending machine," under the general provisions of Title 51, § 613, as amended, which purport to license "each coin-operated machine for use in entertainment or skill." The license fee under § 575 for pool tables is $25.00, whereas under § 613, the fee for a coin-operated machine is $8.00.

■ The State has relied on an opinion of the Attorney General issued to the Commissioner of Revenue on February 15, 1950, for licensing practically the same type of tables involved in this case. The Attorney General's opinion held that this type pool table should be licensed under § 575 as a pool table and not licensed as a vending machine under § 613, as amended. However, the State accepted the license fee of $8.00 on these tables for eight years, even though audits by State agents were made. (The record does not show that Franco ever revealed what type of "vending machine" the license was purchased for.) It was not until 1972 that the State notified Franco it was liable for the license fee under § 575 and levied an assessment with penalties and interest. Notwithstanding the lack of diligence on the part of the State in not assessing the license tax as it now insists upon, this court has held that the failure of State agents to detect that a tax was due, or failure to act in such cases, over a period of time would not serve to establish a precedent that the tax was not due, or serve to bind the State in such respect. Griffin v. Edwards, 260 Ala. 12, 68 So.2d 705 (1953); Merriwether v. State, 252 Ala. 590, 42 So.2d 465 (1949).

■ Franco argues that where provisions of taxing statutes are conflicting or in doubt, the court will interpret the statute most favorably to the taxpayer. Ex Parte State, Re: State of Alabma v. Crenshaw, 287 Ala. 139, 249 So.2d 622 (1971); State of Alabama v. Burchfield Bros., 211 Ala. 30, 99 So. 198 (1924); Gotlieb v. City of Birmingham, 243 Ala. 579, 11 So.2d 363

(1943). Another argument of Franco is that where there is a conflict between the provisions of a statute or statutes, the last legislative expression will control. *Crenshaw,* supra. We agree with these propositions of law, but are of the opinion they do not fit the mold of this case. To attempt to liken these tables with coin-operated machines is simply a case of putting form over substance. There is no sound argument that § 613 was in effect a repeal by implication of § 575, because § 613 does not say anything about coin-operated pool tables in its language. Repeal by implication is a doctrine not to be favored by the courts. Thompson v. Chilton County, 236 Ala. 142, 181 So. 701 (1938). And, since § 575 deals specifically with pool tables, it controls the general statute, § 613; that is to say, where there is conflict in taxing statutes the specific controls the general. It appears the Court of Civil Appeals recognized ambiguity between § 575 and § 613 but felt that it did not apply in this case, because § 575 was general as well since it did not specifically relate to coin-operated pool tables. It is reasonable to assume that if the legislature had intended to classify a pool table in § 613 as a "coin-operated machine for use in entertainment or skill," it would have done so, as it classified just about everthing else relating to vending machines.

We conclude that the tables in this case should be taxed as pool tables under § 575, Title 51, Code of Alabama, 1940, Recompiled 1958. To say these tables are not pool tables because of the coin devices attached to them would be nothing more than pure sophistry.

Reversed and remanded.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and JONES, dissent.

HEFLIN, Chief Justice (dissenting):

I respectfully dissent since I agree with the opinion of the Court of Civil Appeals.

COLEMAN, BLOODWORTH and JONES, JJ., concur.