WRIGHT, Presiding Judge.
Suit for work and labor in the construction of a house and the declaration of a lien was filed by Hudson in 1976 in the Circuit Court of Cullman County, Alabama. Damage in the amount of $3,500 was claimed. By order of the circuit judge on January 18, 1977, the case was transferred to the District Court of Cullman County. There had been no service upon defendant Wilson at the time of transfer. Transfer was entered upon effect of Rule 42, Rules of Judicial *1091 Administration, which rule directed transfer of any civil case in which the amount in controversy did not exceed $5,000, and no jury demand had been made. Plaintiff died in May 1977, and his administrator was substituted in December 1978. Personal service upon defendant by the sheriff and by registered mail failed. Publication was effected on May 3, 1979. On May 11, 1979, defendant filed answer and counterclaim for $4,000, all in district court.
On August 31, 1979, apparently during pre-trial discussion of counsel and court, the district judge ordered the case transferred back to circuit court because equitable issues had been presented which could only be tried in circuit court. The transfer was effected without objection of either party.
The record indicates there was attempt at discovery in 1980, a setting for trial in 1981 and trial ore tenus on February 4, 1982. Judgment was entered on March 15, 1982. During none of these proceedings was there mention of or complaint about the case being heard in circuit court. It was not until defendant filed a post-trial motion to vacate the judgment that complaint was made that the circuit court was without jurisdiction. The court itself made reference in its judgment to the transfer of the case from district court to circuit court as without authority of law. However, the court also pointed out that there had been no objection made to the case being heard and decided in circuit court.
Defendant Wilson contends on appeal that the transfer from district court back to circuit court was not authorized by statute at the time of such transfer. Therefore there was no jurisdiction in the circuit court.
It is not necessary to discuss the statute authorizing transfer of cases between circuit and district courts (§ 12-11-9, Code 1975), for the submission, without objection, to the trial of the case in circuit court settles the issue. The circuit court is a constitutional court of general jurisdiction exercising jurisdiction in all cases except as may otherwise be provided by law. Ala. Const, art. VI, § 6.04(b), amend. 328. Section 12-11-30, Code of Alabama 1975, provides the only variation from that general jurisdiction. According to that statute, the circuit court had original concurrent jurisdiction of the case with the district court.[1] Section 35-11 — 220, Code of 1975, provides that actions for the enforcement of liens when the amount exceeds fifty dollars may be brought in the circuit court of the county where the property is situated. Without deciding any possible conflict between § 12-11-30 and § 35-11-220, it would appear that the latter section provides additional basis for jurisdiction of the circuit court in this case. In any event, the Circuit Court of Cullman County was clothed with jurisdiction of the subject matter and by consent of the parties had jurisdiction of this case — no matter how it came to be before it. W.S. Fowler Rental Equipment Co. v. Skipper, 276 Ala. 593, 165 So.2d 375 (1963).
The second issue presented is that the court erroneously entered judgment for plaintiff for the full amount of the contract price in spite of testimony that there were defects in the building. It is correct that there was testimony from defendant and cross-plaintiff that there were defects in the construction of the house. However, there was no legal evidence offered as to the cost of repairs required nor the resulting decrease in fair market value of the house. The contention that the court should have rendered judgment for less than the contract price without benefit of such evidence is not acceptable.
Defendant contends the court erred in sustaining objection to questions asked him in an effort to elicit testimony as to market value of his property and cost of repairing the alleged defects in construction. We find no value in repeating here the questions asked by counsel at trial. It *1092 is sufficient to say that there was no error committed by the court in sustaining objection to them. The first question sought from the defendant expert testimony as to cost of repairs. Predicatory questions failed to indicate sufficient qualification of the witness for such testimony. The determination of the qualification of a witness to give expert testimony is largely a matter within the discretion of the trial judge. Hulcher v. Taunton, 388 So.2d 1203 (Ala.1980). We find no abuse of that discretion.
The second question sought testimony as to an “estimation” of defendant as to the fair market value of the home. It is surely the general rule in this state that an owner, of property may give his opinion as to the fair market value of his property. Cinader v. Cinader, 367 So.2d 487 (Ala.Civ. App.1979). However, the question posed here was defective in a primary area — the “estimation” of value was not related either to time or condition. No further attempt to establish damage or value appears.[2]
Having considered each of the issues presented and finding no basis for reversal, the judgment of the trial court must be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. We are not informed as to the basis of the introduction of equity into the case by the district court.

. We note that counsel for appellant was not counsel at trial.