John Reynolds, Jr., petitions this court to issue the writ of mandamus to Honorable William C. Barber to compel him to set aside an order denying a trial of related equitable and legal claims in a single action, and trial to a jury of a legal claim.
The subject of this lawsuit is a house located in Homewood, Alabama, which was purchased by Reynolds from the defendants, Frances and Herbert Birnbaum and Alice and Robert Bolick. That property was sold at a foreclosure sale subsequent to Reynolds's default in payment to defendants. *Page 874 
Reynolds filed suit contending defendants did not provide notice of the sale to him as is required by § 6-8-66, Code 1975. He requested that the mortgage foreclosure be declared invalid or void, or, in the alternative, that he be allowed to redeem the property.
At a hearing on motions for summary judgment in that action, the defendants submitted an affidavit stating facts from which Reynolds concluded that fraud had been perpetrated upon him by defendants during the process of foreclosure. Two days after receipt of that affidavit, Reynolds amended his complaint, which had theretofore requested only equitable relief, to allege fraud and deceit. He also filed a demand for trial by jury of those legal claims.
Defendants submitted a motion to strike the amended complaint and the jury demand. The trial court granted this motion in part. Its order provides as follows:
 "TWO: The `Motion To Strike Amended Complaint And Jury Demand' as filed on October 19, 1982 is granted to the extent that everything pertaining to fraud or deceit is stricken from the amended Complaint filed October 4, 1982, without prejudice to Plaintiff to bring an action on the law side of this Court.
 "THREE: The jury demand filed by Plaintiff on October 4, 1982 is denied and this cause shall proceed to trial on December 2, 1982 at 9:00 a.m.
upon the Complaint, as amended, subject to the stricture set forth above."
Rule 15 (a), ARCP, provides that "a party may amend his pleading without leave of court but subject to disallowance on the court's own motion or motion to strike of an adverse party." The purpose of this rule is to allow maximum opportunity for the parties to state each claim and have those claims decided on the merits of the issues to be tried. B MHomes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979). The grant or denial of leave to amend is a matter within the sound discretion of the trial judge and is subject to reversal on appeal only for an abuse of that discretion. Walker v.Traughber, 351 So.2d 917 (Ala.Civ.App. 1977). The trial court acts within its discretion so long as its disallowance of an amendment of pleadings is based upon some valid ground, such as actual prejudice or undue delay. Poston v. Gaddis,372 So.2d 1099 (Ala. 1979).
We have carefully reviewed the record presented with this petition. It reveals Reynolds's fraud count was filed more than a month before the date set for hearing of the case. It was based on a combination of facts previously alleged by Reynolds in support of his original complaint and facts set forth by the defendants in the affidavit in support of their motion for summary judgment. It named no new parties. Where an amendment merely changes the legal theory of a case or adds on additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party. Bracy v. Sippial Electric Company,379 So.2d 582 (Ala. 1980). We fail to see how defendants could have been significantly prejudiced by this amendment in maintaining their defenses.
Interestingly, neither the trial court's order striking the amendment nor its answer to the petition for mandamus defends that action on the basis of prejudice to the defendants or any other basis traditionally cited in support of disallowance of amendments. In its order, the trial court specifically noted the fraud action could be brought on the "law side" of the circuit court. We can only conclude from that statement and from the failure in that document to state any other reasons for striking the amendment, that it was considered that the fraud claim was inappropriately brought on the "equity side" of the circuit court. Rule 2, ARCP, provided for the merger of law and equity. It states: "There shall be one form of action to be known as `civil action.'" That procedural rule was effected in 1973, giving any circuit court the power to hear both equitable and legal issues. That merger was accomplished *Page 875 
so that litigants could present related legal and equitable claims in an orderly manner. It operates in cases such as the one before us to avoid the presentation of claims in separate actions. We find an abuse of discretion in the disallowance of Reynolds's amendment based on its legal nature, if indeed that was the rationale behind its disallowance.
Therefore, it was error upon the part of the trial court to strike Reynolds's amendment. We conditionally grant the writ of mandamus subject to the trial court's withdrawal of its order of 10 November 1982 striking from plaintiff's amended complaint "everything pertaining to fraud or deceit" and denying his jury demand, and also subject to that court's separate determination whether the plaintiff's amended complaint is the "last pleading" within the contemplation of Rule 38, ARCP, in order that a determination can be made whether that jury demand was timely filed.
The writ of mandamus is granted conditionally.
WRIT GRANTED CONDITIONALLY.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.