This case is before this court on the petition of the Alabama Department of Mental Health and Mental Retardation (DMH) for a writ of prohibition to be issued to the judge of the Houston County Juvenile Court. We find that the petition is due to be denied.
The case arises from a complicated set of circumstances involving proceedings in two counties for the disposition of a juvenile. On August 23, 1985, the Juvenile Court of Houston County committed the juvenile to the custody of DMH, apparently due to its conclusion that the juvenile might be mentally ill or mentally retarded and in need of treatment.
DMH placed the juvenile in its facility located in Barbour County, the Eufaula Adolescent Center. While there, the juvenile eloped from the facility. Although he was returned to the center the next day, during the period of elopment he allegedly committed delinquent acts against the Alabama Highway Department in Barbour County. It appears that shortly thereafter petitions were filed in the Juvenile Court of Barbour County, alleging that the juvenile was delinquent and charging him with certain criminal conduct.
On September 10, 1985, the. Barbour County Juvenile Court held that the juvenile *Page 958 
was delinquent and committed him to the Alabama Department of Youth Services (DYS). It further ordered that the juvenile be placed in the Southeast Alabama Diversion Center, pending his acceptance to DYS's Diagnostic and Evaluation Center in Montgomery.
On October 8, 1985, DMH filed a petition with the Houston County Juvenile Court, requesting that it be relieved of custody of the juvenile due to the order of the Barbour County Juvenile Court committing him to DYS.
The Houston County court held an ore tenus hearing on October 25, 1985, but determined that it could not make a final determination on DMH's petition because it did not appear that the juvenile's father had been given notice of the petition. The court did order that custody of the juvenile would remain with DMH pending a full hearing.
Apparently feeling that it was "caught" between the conflicting orders of the Houston and Barbour County courts, DMH filed a petition in this court on October 28, 1985, asking that a writ of prohibition issue to the Houston County Juvenile Court and that this court determine whether that juvenile court "should be prohibited from exercising jurisdiction that the Juvenile Court of Barbour County has already assumed."
It is clear that, having committed the juvenile to DMH in August 1985, the Houston County Juvenile Court retained jurisdiction of him pursuant to Ala. Code (1975), § 12-15-90 (k).[1] Under this statute, however, the Barbour County Juvenile Court had concurrent jurisdiction over the juvenile because he was placed in a facility located in Barbour County. The parties seem to agree that jurisdiction of the two courts is concurrent.
When two courts have equal and concurrent jurisdiction, the general rule is that the court which assumed jurisdiction first has preference and should not be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction.Taylor v. State, 448 So.2d 397 (Ala.Civ.App. 1984). See alsoRowe v. Hill, 365 So.2d 1247 (Ala.Civ.App. 1979). This rule may not apply, however, if the actions in the two courts are not between the same parties and do not relate to the same question or involve the same rights. See Erwin v. Luna, 443 So.2d 1242
(Ala.Civ.App. 1983).
DMH argues that the concurrent jurisdiction principle, which would give preference to the jurisdiction of the Houston County Juvenile Court, does not apply in this case because the second proceeding, the one in the Barbour County Juvenile Court, did not involve the same issues and rights which were involved in the first proceeding in Houston County. We disagree.
It is true that the proceeding in Barbour County was criminal in nature, whereas the proceeding in Houston County was apparently more of a civil proceeding to determine whether the juvenile needed supervision or mental evaluation and treatment. Both proceedings, however, involved the rights of the juvenile and the question of what was in his best interest. Both proceedings involved the question of whether the juvenile should be committed for his evaluation and treatment.
We find that the two matters were sufficiently related for the concurrent jurisdiction principle to apply. Cf. Rowe, 365 So.2d at 1249. More importantly, the spirit of cooperation between courts, which is fostered by the rule, should apply in this case particularly because it is a matter involving a juvenile. Juvenile courts should not compete with each other for jurisdiction. Rather, they should cooperate so that they can determine what is in the juvenile's best interest.
The determination of what is in the juvenile's best interests should always be the polestar of proceedings in the juvenile courts. We caution all such courts that, where cooperation is not maintained in areas of concurrent jurisdiction of juveniles *Page 959 
and this polestar is not observed, this court will not hesitate to exercise its supervisory powers over these courts pursuant to Ala. Code (1975), § 12-3-11.
We should not be misunderstood in this instance as holding that the Barbour County Juvenile Court had no jurisdiction to find that the juvenile was delinquent. We hold merely that, in that court's disposition of the juvenile, it should have yielded to the prior continuing jurisdiction of the Houston County Juvenile Court and its committal of the juvenile to DMH.
The respondents contend that the petition filed by DMH for the writ of prohibition is invalid because it was not verified by affidavit. It appears to this court that this contention is without merit because it is based upon Ala. Code (1975), §6-6-640, which applies to trial courts, not this court. Writs of prohibition from this court are governed by Rule 21, Alabama Rules of Appellate Procedure, which does not require that the application for the writ be verified.
The petition for the writ of prohibition is due to be and is denied.
WRIT DENIED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] Ala. Acts 85-928, effective September 27, 1985, added two new subsections to Ala. Code (1975) § 12-15-90. Subsection (k) has now become subsection (m).