533 So.2d 613 (1987)
Ex Parte CSX TRANSPORTATION, INC.
(re: CSX TRANSPORTATION, INC. v. Ola Mae OWENS, in her capacity as the Administratrix of the Estate of Willie James Crawford).
Civ. 6084.
Court of Civil Appeals of Alabama.
November 4, 1987.
Rehearing Denied December 9, 1987.
*614 Walter R. Byars and William A. Sashay, Montgomery, for appellant.
Tyrone C. Means, Montgomery, and Fred D. Gray, Tuskegee, for appellee.
HOLMES, Judge.
This case comes before this court on the petition of CSX Transportation, Inc. (CSX) for a writ of mandamus directing the Montgomery County Circuit Court to exercise jurisdiction over the case.
CSX filed suit in the circuit court against the defendant for damages to its engine arising from a railroad crossing accident. CSX demanded a judgment in the amount of $1,000. Prior to the filing of a responsive pleading by defendant, CSX amended its complaint to increase the damages it sought from $1,000 to $1,005.
The defendant filed a motion to strike the amendment to the complaint and to transfer and consolidate the suit with a wrongful death action filed by defendant against CSX in the Circuit Court of Lowndes County.
The circuit court entered an order in which it struck CSX's amendment to its complaint and transferred the case to the Montgomery County District Court. CSX filed the present petition, seeking the vacation of that order.
A writ of mandamus is an extraordinary remedy which should be granted only where there has been a clear showing that *615 the trial court abused its discretion and exercised it arbitrarily or capriciously. Ex parte Temporary Placement Services, 508 So.2d 275 (Ala.Civ.App.1987).
The writ is due to be granted in this case because, in striking CSX's amendment to its complaint and in transferring the case to the district court, the learned trial judge abused his discretion and exercised it arbitrarily.

I
CSX obviously amended its complaint to increase the amount of damages sought and thereby ensure jurisdiction in the circuit court. Ala.Code (1975), § 12-12-31(a) (1986 Repl.Vol.), provides that "[t]he district court shall exercise exclusive jurisdiction over all civil actions in which the matter in controversy, exclusive of interest and costs, does not exceed $1,000.00."
CSX's original complaint, in which the damages it sought did not exceed $1,000, would appear to have been within the exclusive jurisdiction of the district court pursuant to § 12-12-31(a). The amended complaint, however, in which the amount in controversy exceeded $1,000 would appear to fall within the concurrent jurisdiction of both the circuit and district courts. See Ala.Code (1975), §§ 12-11-30(1) and 12-12-30.
The initial question before this court is thus whether CSX had the right to amend its complaint to increase the amount in controversy. After a careful review of the pertinent law and the record, we think the answer to this question must be in the affirmative.
Rule 15(a), Alabama Rules of Civil Procedure, provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served...." (Emphasis supplied.)
The record reveals that CSX filed its amended complaint less than two weeks after filing the initial complaint and, more significantly, before the defendant had filed a responsive pleading. Under Rule 15(a), CSX therefore could amend its complaint as a matter of right and without leave of the circuit court.
The purpose of this rule is to give the parties the maximum opportunity to state each claim and have those claims decided on the merits of the issues to be tried. See Ex parte Reynolds, 436 So.2d 873 (Ala. 1983).
This is not to say that the trial court does not have the discretion to strike an amendment filed pursuant to Rule 15(a) upon the motion of the opposing party, as in this case. See Reynolds, 436 So.2d 873; National Distillers & Chemical Corp. v. American Laubscher Corp., 338 So.2d 1269 (Ala.1976). However, the policy underlying Rule 15 is that amendments are to be freely allowed, and refusal of an amendment must be based upon a valid ground, such as a finding by the trial court that allowance of the amendment would cause undue delay or prejudice to the opposing party. National Distillers, 338 So.2d 1269. See Reynolds, 436 So.2d 873.
In this case there was no finding by the trial court, and the record does not reflect, that CSX's amended complaint would cause undue delay or prejudice the defendant. The fact that the defendant had filed suit in Lowndes County prior to the amendment and desired CSX's suit to be consolidated with the Lowndes County action does not present a valid ground for striking the amendment. Nor has the defendant presented any case to this court which indicates that the ad damnum clause in a complaint may not be amended pursuant to Rule 15(a), even where such amendment may affect the trial court's jurisdiction.
In view of the above, we conclude that the learned trial judge abused his discretion in striking CSX's amended complaint. Having thus held, we must also conclude that the circuit court erred in transferring a case which was clearly within its concurrent jurisdiction to the district court.
While Ala.Code (1975), § 12-11-9, requires the transfer of a case filed in the circuit court which is exclusively within the jurisdiction of the district court, no such statutory provision exists governing cases within the concurrent jurisdiction of the circuit and district courts.
In this court's opinion, the logical reason that no such statutory provision exists is that, where the district and circuit courts have equal and concurrent jurisdiction, the plaintiff may choose to which court to resort. See Mallory v. Paradise, 173 N.W.2d 264 (Iowa 1969). Cf. Wilson v. Hudson, 429 So.2d 1090 (Ala.Civ.App.1983).
Whatever the reason, however, without such statutory authority the circuit court may not transfer a case within its *616 concurrent jurisdiction to the district court. This conclusion is based, first, on the fact that the power to transfer a case is not within the auspices of the circuit court's general supervisory powers, Ex parte Smith, 438 So.2d 766 (Ala.1983), and, secondly, on the presumption against the divestiture of jurisdiction from one court to a lower court. Thomas v. Liberty National Life Insurance Co., 368 So.2d 254 (Ala. 1979).
Also persuasive in this instance is the well-established rule in this state that, where two courts have equal and concurrent jurisdiction of a matter, the court which first commences the exercise of that jurisdiction has preference and is not to be obstructed in the legitimate exercise of its powers by a court of coordinate jurisdiction. Ex parte Department of Mental Health & Mental Retardation, 491 So.2d 956 (Ala.Civ.App.1986); Taylor v. State, 448 So.2d 397 (Ala.Civ.App.1984).
At any rate, the trial judge erred in transferring this case to the district court.

II
Although the following is not necessary for the resolution of this case, we feel constrained to comment on the apparent conflict between Ala.Code (1975), § 12-12-31(a), and Ala.Code (1975), §§ 12-12-30 and 12-11-30(1), the statutes governing the jurisdiction of the circuit and district courts.
As explained above, § 12-12-31(a) gives the district court "exclusive jurisdiction over all civil actions in which the matter in controversy ... does not exceed $1,000.00." (Emphasis supplied.) The $1,000 jurisdictional limit within the statute was established by an amendment to the statute effective January 11, 1985. Prior to this amendment, the jurisdictional limit was $500.
Unfortunately, when the legislature amended § 12-12-31(a), it failed to do the same to §§ 12-12-30 and 12-11-30(1), which also govern the jurisdiction of the district court, as well as the circuit court.
Section 12-12-30 provides:
"The original civil jurisdiction of the district court of Alabama shall be uniform throughout the state, concurrent with the circuit court, except as otherwise herein provided, and shall include all civil actions in which the matter in controversy does not exceed $5,000.00...."
(Emphasis supplied.)
Section 12-11-30(1) provides:
"The circuit court shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds $5,000.00 and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds $500.00, exclusive of interest and costs."
(Emphasis supplied.)
There is an obvious conflict between recently amended § 12-12-31(a) and the two older jurisdictional statutes, particularly § 12-11-30(1). Under § 12-12-31(a), the district court would appear to have exclusive jurisdiction of all civil cases wherein the amount in controversy does not exceed $1,000 and concurrent jurisdiction with the circuit court where such amount exceeds $1,000, but does not exceed $5,000. Under the two older statutes, however, the district court's exclusive jurisdiction apparently extends only to cases in which the amount in controversy does not exceed $500.
The cardinal rule in construing these statutes is to determine the intent of the legislature. Gulf Coast Media, Inc. v. Mobile Press Register, Inc., 470 So.2d 1211 (Ala.1985). In determining that intent, a statute should be construed in harmony with other statutes existing at the time of enactment so that each is afforded a field of operation. Sullivan v. State ex rel. Attorney General, 472 So.2d 970 (Ala. 1985). See Potts v. Bennett, 487 So.2d 919 (Ala.Civ.App.1985).
This court has attempted to carry out the above mandate, but we simply do not think that recently amended § 12-12-31(a) can be harmonized with §§ 12-12-30 and 12-11-30(1). We do not agree with CSX's contention that § 12-12-31(a) was intended only to designate which cases in the district court will be placed on the small claims docket.
In construing the language of § 12-12-31(a), this court must give the words used their natural, plain, ordinary, and commonly understood meaning. See Alabama Farm Bureau Mutual Casualty Insurance Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984). The plain meaning of the first sentence of § 12-12-31(a) indicates that this provision was intended to do more than just organize the small claims docket of the district court. Rather, the statute clearly places exclusive jurisdiction in the *617 district court of all civil cases in which the amount in controversy does not exceed $1,000, creating a conflict with unamended §§ 12-12-30 and 12-11-30(1).
In such a situation we must be governed by the principle that the latest expression of the legislature will control. Baldwin County v. Jenkins, 494 So.2d 584 (Ala. 1986); State v. Franco Novelty Co., 293 Ala. 43, 299 So.2d 737 (1974).
Applying this principle in the present situation, we must conclude that the $1,000 jurisdictional limit of § 12-12-31(a) prevails over any conflicting limit of $500 set forth in the unamended statutes, and we think that surely this was the reasonable intention of the legislature when it amended § 12-12-31(a).
In summary, we think the only reasonable construction which can be given to §§ 12-12-31(a), 12-12-30, and 12-11-30(1) is that they give the district court exclusive jurisdiction of all civil cases in which the amount in controversy does not exceed $1,000 and that in cases in which the amount in controversy does exceed $1,000, the district court shall have jurisdiction concurrent with the circuit court until the maximum jurisdictional limit of $5,000 is met. Where the amount in controversy exceeds $5,000, the circuit court shall continue to exercise exclusive jurisdiction.
The writ is due to be issued unless within ten days the learned trial judge enters appropriate orders consistent with this opinion.
WRIT CONDITIONALLY GRANTED.
BRADLEY, P.J., and INGRAM, J., concur.

ON APPLICATION FOR REHEARING
HOLMES, Judge.
On application for rehearing the defendant contends that this court erred in holding that CSX had the right to amend its complaint under Rule 15(a), A.R.Civ.P., and thereby ensure jurisdiction in the circuit court because Ala.Code (1975), § 12-11-9, required the transfer of the case to the district court before such amendment was made.
While this argument is interesting, it ignores a matter of practical importance: the case had not been transferred to the district court by the clerk at the time CSX amended its complaint. Clearly, under these circumstances CSX had the right to amend its complaint, as stated in our opinion.
To hold otherwise under the instant facts would in effect cause a procedural "nightmare."
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
BRADLEY, P.J., and INGRAM, J., concur.